## MORALES *v.* NEW YORK

No. 86.   Argued November 20, 1969—Decided December 8, 1969

*Richard T. Farrell* argued the cause and filed a brief for petitioner.

*Burton B. Roberts* argued the cause for respondent. With him on the brief was *Daniel J. Sullivan.*

PER CURIAM.

On October 4, 1964, a murder by stabbing took place in an elevator of an apartment building where petitioner Morales' mother lived and where Morales frequently visited. On October 13, his mother informed Morales by telephone that the police wished to talk with him; petitioner said that he would come that evening to his mother's place of business. This he did. He was apprehended by police officers and taken to the police station, arriving at 8:30 p. m. Within 15 minutes he had confessed to the crime and by 9:05 p. m. he had written and signed a statement. In response to subsequent questioning by police officers, Morales later repeated the substance of this confession. At the trial, the court held a separate hearing on the voluntariness of the confessions, found them voluntary, and admitted them over Morales' objection. Morales was convicted, the jury apparently rejecting his alibi defense that he was with his mother at the time of the murder. The Appellate Division of the New York Supreme Court affirmed without opinion. *People* v. *Morales,* 27 App. Div. 2d 904, 280 N. Y. S. 2d 520 (1967). In the New York Court of Appeals, Morales for the first time raised a Fourth Amendment issue, claiming that there was no probable cause for his detention at the time of his confessions and that the confessions, even if voluntary, were inadmissible fruits of the illegal detention. The State asserted that the issue had not been decided below and that there had hence been no opportunity to make a record of the relevant facts; moreover, the State claimed that Morales had voluntarily surrendered himself for questioning and that in any event the voluntary confessions were the result of an independent choice by Morales such that the legality of the detention was irrelevant to the admissibility of the confessions.

The Court of Appeals affirmed, accepting without discussion the trial court's finding as to the voluntariness of Morales' confessions. *People* v. *Morales,* 22 N. Y. 2d 55, 238 N. E. 2d 307 (1968). The court dealt with and rejected the Fourth Amendment claim not on the ground that there was probable cause to arrest but rather on the ground that the police conduct involved was reasonable under the circumstances of the case. Although Morales was not free to leave at the time he was apprehended and would have been restrained had he attempted to flee, the Court of Appeals stated that his detention was not a formal arrest under New York law and that had he refused to answer questions in the police station (where he was entitled to have a lawyer if he desired one) he would have been free to leave. The Court of Appeals held that the State had authority under the Fourth Amendment to conduct brief custodial interrogation of "those persons reasonably suspected of possessing knowledge of the crime under investigation in circumstances involving crimes presenting a high degree of public concern affecting the public safety." 22 N. Y. 2d, at 65, 238 N. E. 2d, at 314. We granted certiorari, 394 U. S. 972 (1969).

After considering the full record, we do not disturb the determination of the trial court, affirmed by the New York appellate courts, that Morales' confessions were voluntarily given. The trial occurred prior to *Miranda* v. *Arizona,* 384 U. S. 436 (1966), and the totality of the circumstances surrounding the confessions shows that the confessions were voluntary, not coerced.

We should not, however, decide on the record before us whether Morales' conviction should otherwise be affirmed. The ruling below, that the State may detain for custodial questioning on less than probable cause for a traditional arrest, is manifestly important, goes beyond

our subsequent decisions in *Terry* v. *Ohio*, 392 U. S. 1 (1968), and *Sibron* v. *New York*, 392 U. S. 40 (1968), and is claimed by petitioner to be at odds with *Davis* v. *Mississippi*, 394 U. S. 721 (1969). But we have concluded after considering the parties' briefs and hearing oral argument that there is merit in the State's position that the record does not permit a satisfactory evaluation of the facts surrounding the apprehension and detention of Morales. A lengthy hearing was held on the question of the voluntariness of the confessions, but the basis for the apprehension of Morales does not appear to have been fully explored since no challenge to the lawfulness of the apprehension was raised until the case came to the Court of Appeals. Although that court stated that "[i]t may be conceded that the apprehending detectives did not have probable cause to justify an arrest of defendant at the time they took him into custody," 22 N. Y. 2d, at 58, 238 N. E. 2d, at 310, the court later said that "[t]he checkerboard square of the police investigation, although resting upon circumstantial evidence, pointed only to defendant. . . . In fact, defendant was the only person the police could have reasonably detained for questioning based upon the instant record." 22 N. Y. 2d, at 64, 238 N. E. 2d, at 313.

Given an opportunity to develop in an evidentiary hearing the circumstances leading to the detention of Morales and his confessions, the State may be able to show that there was probable cause for an arrest or that Morales' confrontation with the police was voluntarily undertaken by him or that the confessions were not the product of illegal detention. In any event, in the absence of a record that squarely and necessarily presents the issue and fully illuminates the factual context in which the question arises, we choose not to grapple

with the question of the legality of custodial questioning on less than probable cause for a full-fledged arrest.

We accordingly vacate the judgment below and remand the case for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK dissents and would affirm.