SPECTOR, Judge.
Appellant, a twenty-five-year-old male, was convicted of forcefully raping his fifty-two-year-old third cousin after gaining entrance to her bedroom by climbing through a window in the middle of the night. Pursuant to the jury’s recommendation of mercy, he was sentenced to life imprisonment in the state penitentiary.
Two grounds are raised for reversal. The first questions the sufficiency of the evidence of appellant’s identity as the perpetrator of the crime charged, and the second questions the admissibility of appellant’s shoes and socks in evidence.
Our examination of the record and consideration of the briefs filed herein reveal that the question of appellant’s identity is sustained by the evidence. The prosecuting witness testified that she recognized her assailant from his voice and size. In Cason v. State, 211 So.2d 604 (Fla.App. 1968), it was held that voice recognition is sufficient to form the basis of an identification, especially where it is shown that the witness has had earlier occasion to hear the voice in question. In the case at bar, the victim’s identification of appellant by his size and voice characteristics, while sufficient in itself, is corroborated by the testimony of the sheriff that he tracked appellant’s footprints to his home some four blocks away and there found shoes and socks with telltale marks and dirt on them matching appellant’s retreating tracks.
The remaining point questioning the admissibility of appellant’s shoes and socks in evidence is likewise without merit. No objection was made to the introduction of these items at the time they were offered in evidence, and appellant ought not now be heard to complain of the admission. Silver v. State, 188 So.2d 300 (Fla.1966). Appellant cites Morales v. New York, 396 U.S. 102, 90 S.Ct. 291, 24 L.Ed.2d 299, as authority for his contention of inadmissibility, but that case is not controlling here. Morales dealt with the question of probable cause to effect the arrest of the defendant and the legality of the subsequent interrogation which yielded an admittedly voluntary confession. There being no record inquiry in Morales as to the circumstances leading to his initial detention, the United States Supreme Court remanded the case to the New York State courts for an evidentiary hearing on the question of probable cause. The court did not make clear the basis upon which it deemed Morales’ admittedly voluntary confession of stabbing his victim to death in an apartment house elevator insufficient to sustain the conviction; but whatever underlay the court’s reasoning there, we find the instant case is factually distinguishable since here there was no confession introduced against appellant. Moreover, the sheriff had ample probable cause to detain the appellant since the footprints led him from the window through which the attacker fled to appellant’s house four blocks away. Having been led to appellant’s house by *747 prints made by socks, the sheriff would have been remiss in his duty not to pick up the shoes which matched the imprints at the scene and the socks which had fresh dirt on the bottom surfaces indicating that they could have been worn by appellant as he fled the scene of the crime.
No error having been demonstrated in the judgment here being reviewed, it is therefore
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.