## (February 25, 1971)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH VALERIUS, Appellant.—

672

Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur; Herlihy, P. J., dissents, and votes to reverse and order a new trial, in the following memorandum: The judgment of conviction should be reversed and the matter remitted to the trial court for a new trial, including a *Huntley* hearing. The defendant was originally indicted for arson in the second degree but the jury convicted for the lesser crime of arson, third degree. I agree with the majority that a suspect may be questioned without the detention, for such purpose, *necessarily* being an arrest and upon the present record it does not appear that the case of *Morales* v. *New York* (396 U. S. 102) required that the confession be suppressed. Although upon the present record the defendant's assertions at the *Huntley* hearing that he was immediately placed under arrest do not appear improbable, the question of whether or not there was in fact an arrest was a factual issue for the trial court. The record discloses that at the *Huntley* hearing the defendant testified that for about four hours he was in the custody of a policeman named Cotter who was administering a polygraph test to him. The period of time in question was from about midnight to 4:45 A.M. on January 21, 1969. When questioned about what occurred during the test, he testified: "I started getting very sleepy and doze [*sic*] off in the chair and he (Cotter) pushed my head back and smacked my head on back of the chair * * * I started to doze off again. He held my head up by the forelock on my hair". Then Valerius testified: "I was going to admit to it * * * so I could get some sleep." Defendant also testified that he later told Officer Fuente "I signed it so I could get some sleep". This testimony tends to indicate that the confession was not voluntary because defendant was physically abused and/or was so exhausted that he confessed so that he could get some sleep. These statements by the defendant remain in the record uncontradicted and uncontroverted because of the failure of the People to call the witness Cotter, who was present, to testify as to the truth or falsity of the statements and, accordingly, the inference of nonvoluntariness raised by the defendant was not factually disputed. Under such circumstances, where the People had control of the witness and his availability was not questioned, the trial court should have assumed that Cotter's testimony would be unfavorable to the People and thus corroborative of the defendant's claim of abuse. In *People* v. *Moore* (17 A D 2d 57, 59) the court said: "The failure of a party to call a witness under his control who is shown to be in a position to give material evidence may result in an infererence that the testimony of such a witness would be unfavorable to such a party. The rule was carefully examined in this court by Halpern, J., in *Laffin* v. *Ryan* (4 A D 2d 21)." (See, also, *Noce* v. *Kaufman* (2 N Y 2d 347, 353). The respondent's contention that Cotter's testimony would be cumulative is far from being supported in the record. *People* v. *Huntley* (15 N Y 2d 72), in establishing a new procedure with reference to alleged confessions by defendants, stated that the burden of proof as to voluntariness is on the People and that the Judge must find voluntariness beyond a reason-

able doubt before the confession can be submitted to the trial jury.. In the present case the People failed to call a vital and key witness as to the voluntariness of the confession. The court was obligated to make its decision upon the testimony presented and on this record it is abundantly clear that the court, considering Valerius' testimony, could not make a finding of voluntariness nor could it have decided the issue on the basis of credibility. The findings of fact and conclusions of law are directed solely to the issue of custodial interrogation and the right to counsel but, in any event, there is no finding of voluntariness beyond a reasonable doubt. Assuming *arguendo* that the trial court properly determined the question of voluntariness at the *Huntley* hearing, the judgment would nevertheless have to be reversed and a new trial granted. The defendant requested the court to charge the jury that the failure of the prosecution to call Cotter as a witness supported an inference that Cotter's testimony would be adverse to the prosecution and the court did not so charge. The failure of the court to properly charge in regard to Cotter was legal error and was prejudicial to the defendant.