**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert H. KILGEN, Jr., Defendant-Appellant.**

**No. 27424.**

United States Court of Appeals, Fifth Circuit.

June 25, 1971.

288

Robert L. Parks, court appointed, Miami, Fla., for defendant-appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Robert W. Rust, U. S. Atty., Miami, Fla., Will Wilson, Asst. Atty. Gen., Crim. Div., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In our initial decision in this case, United States v. Kilgen, 5 Cir., 1970, 431 F.2d 627, we held that evidence was erroneously admitted against appellant Kilgen because the vagrancy statute under which he was arrested was unconstitutional. However, upon further consideration, we have decided to grant the government's motion for rehearing and withdraw that portion of the opinion which held the confession and the physical evidence inadmissible. We now hold that, even though the statute is unconstitutional for the reasons stated in our original opinion, the evidence seized as a result of the arrest under the then valid statute was properly admitted at Kilgen's trial.

Although the facts are set out in more detail in the original opinion, supra, we shall undertake a brief review of the circumstances which led to Kilgen's conviction. Robert Kilgen, Jr., and Gary Ansley were arrested at 1:15 A.M. on October 27, 1968, in West Palm Beach, Florida, for the crime of vagrancy "by wandering about from place to place with no lawful purpose".[1] After the arrest, both men were placed in the rear of the police car where Ansley requested that he be returned to his automobile so that it might be locked. The police complied with this request and upon reaching the vehicle, Officer Flesh, with Ansley's permission, attempted to lock the automobile. Officer Flesh found one of the automobile windows inoperable, and on the floor of the car he noticed a box of ammunition and the barrel of a pistol protruding from under the front seat. Flesh then informed Ansley that the window was broken and that the only way to secure the pistol would be to lock it in the trunk. Ansley agreed to let Flesh place the property in the trunk.

1. The specific statute, Section 33.63 of the Ordinances of the City of West Palm Beach, is printed in full in United States v. Kilgen, 5 Cir., 1970, 431 F.2d 627.

Upon opening the trunk, there was apparent to view a steel construction helmet containing a great many United States stamps and several folders which also contained a large number of stamps.

Ansley and Kilgen were taken to the police station and booked for vagrancy. While being held only under the vagrancy charge, Kilgen confessed—after a full *Miranda* warning—to breaking into a United States Post Office and stealing money orders and stamps. Based on this information, Kilgen was charged with violating 18 U.S.C. § 641 and 18 U.S.C. § 2115.

On this appeal, Kilgen claims that his conviction under the preceding statutes should be overturned because the trial court erred in admitting the stamps and money orders seized from Ansley's car, and also the confession obtained while Kilgen was being held on a vagrancy charge. Kilgen's theory is that his arrest was illegal since it was effected under a statute subsequently held unconstitutional by this court; and hence, all evidence obtained as a result of that arrest should have been excluded under Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, and Morales v. New York, 1969, 396 U.S. 102, 90 S.Ct. 291, 24 L.Ed.2d 299. We disagree.

■ The physical evidence, the stamps and money orders taken from Ansley's car, was admissible on two grounds. First, the record amply supports the trial court's finding that Ansley consented to a search of his automobile by Officer Flesh. See Robinson v. United States, 5 Cir., 1964, 325 F.2d 880, and Phelper v. Decker, 5 Cir., 1968, 401 F.2d 232. And even more dispositive of the issue is the fact that Kilgen had no property interest in the searched vehicle, and he therefore lacked standing to challenge the introduction of evidence seized from a car which did not belong

to him. Cassady v. United States, 5 Cir., 1969, 410 F.2d 379.

The confession, written and signed while Kilgen was being detained under a statute subsequently held unconstitutional, presents a more difficult problem. Kilgen's argument for excluding the inculpatory statement is based on the assumption that his arrest and detention were illegal. We find this assumption unwarranted.

■ Had Kilgen been convicted for vagrancy, that conviction would necessarily have been reversed when the court held the vagrancy ordinance unconstitutional. But overturning a conviction due to an invalid statute does not automatically render the previous arrest and detention illegal absent some showing that police officials lacked a good faith belief in the validity of the statute. See Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288.

■ In the case at hand, the police arrested Kilgen for violating an ordinance which the Supreme Court of Florida[2] and the federal district court,[3] although in disagreement with this court, upheld as constitutional. There is no hint of any abusive police conduct in effecting the arrest or in obtaining the evidence used at the trial for another crime. Neither is there any doubt as to the reliability of the evidence which prompted the conviction. In short, this is a clear case of police officers who, with the utmost regard for the rights of the defendant, carried out their sworn duty to make an arrest and obtain evidence under the law as it then existed. No legitimate interest would be served by excluding the confession to the separate crime of stealing postage stamps because we now find the vagrancy ordinance invalid.

We therefore hold that the confession to the separate offense was admissible because it was obtained while Kilgen

---

2. Johnson v. State of Florida, 202 So.2d 852.

3. The opinion of the federal district court was issued in an unpublished decision, Case No. 68–451, from the Southern District of Florida.

was detained and charged in good faith reliance on an ordinance not yet held invalid.

The judgment is

Affirmed.