No. 72–5301. NUGENT v. UNITED STATES. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN join, dissenting.

Acting on an informant's tip that one "Cherokee" had a mill for diluting narcotics in a certain apartment building, police officers secured the consent of the landlord to search, and then searched the basement area of the building open to use by both landlord and tenants. In one storage room they saw a closed but unlocked trunk, on top of which were a can of milk-sugar, a scale, rubber bands, and a brown paper bag with a message telling Cherokee that "we are out of . . . action." The trunk was then opened. Heroin and narcotics paraphernalia were discovered, seized, and used against Cherokee who was later arrested and tried.

Whether the search of the trunk and seizure of its contents squared with the Fourth Amendment is a substantial question warranting review here. The seizure was not incident to petitioner's arrest, which occurred later at another place. The officers were legally in the storage room by virtue of the landlord's consent, *Frazier* v. *Cupp*, 394 U. S. 731, 740 (1969), but nothing in the trunk was in plain view as long as the trunk was unopened, and it would seem that the landlord had no authority whatsoever to consent to the search of the trunk or the seizure of its contents, which were petitioner's effects within the protection of the Fourth Amendment.

The United States argues that there was probable cause to search the trunk and a warrant should not be required, because the items sought could be so easily moved. The Court has embraced such a rationale in the *Carroll-Chambers* line of cases with respect to automobiles, but

has expressly questioned this approach with respect to other movable personal property. See *Coolidge* v. *New Hampshire,* 403 U. S. 443, 461 n. 18 (1971) ("We have found no case that suggests such an extension of *Carroll*" to "containers" that are "equally movable, *e. g.,* trunks, suitcases, boxes, briefcases, and bags"). Moreover, in *Chimel* v. *California,* 395 U. S. 752 (1969), searches incident to arrest were limited to the person and immediate vicinity, even though there is clearly probable cause to believe that contraband or evidence of crime will be found elsewhere on the premises where the arrest takes place. The Court there rejected the argument urged in dissent that a warrant could be dispensed with to avoid the disappearance of the property for which there was probable cause to search.

Because the decision below is arguably at odds with decisions of this Court, I would grant the petition for certiorari.