Irving Lang, J.
Defendants were arrested and charged with burglary, grand larceny, and possession of a loaded igun. They now move to suppress evidence seized pursuant to a warrantless search of an automobile owned by defendant Addonizio.
The facts are as follows: On December 20, 1972, at approximately 1:30 a.m., Patrolman Brady, accompanied by his partner, was on routine patrol duty when he observéd, at South Street and Market Slip, an area located near the East River and deserted at that early morning hour, a black Cadillac backed up about two to four feet from the rear of a TJ-Haul rental truck, with the back of the truck open. At the hearing on the motion to suppress, Officer Brady testified that the Cadillac and the truck were facing in opposite directions and that to arrive at the position the two vehicles were in, if the truck was already there, the ¡Cadillac would have had to back up into that position. Defendant DeVito, when first seen, was standing at the right rear side of the automobile but, according to the officer, upon noticing the police, the defendant got into *464 the Cadillac on the operator’s side. Patrolman Brady observed some merchandise in the back of the truck which, upon investigation, turned out to be apparently new .stereo equipment and a stereo-type cabinet. He then asked defendant DeVito for identification who, along with defendant Addonizio, the latter sitting on the passenger side of the car, produced ¡both license and registration. When the officer inquired after the truck’s ownership, defendant DeVito replied that he did not know, whereupon the officer demanded that the trunk of the ¡Cadillac :be opened. At first, the defendant refused, .but when Patrolman Brady stated that “ We will have to check out the car, take it into the station house and check out the car,” the defendant complied. Inside the trunk were two boxes of stereo equipment of[1] the same type as that contained in the truck. A further search of the automobile revealed a gun under the front seat on the operator’s side.
It is conceded by Patrolman Brady that, at the time of this incident, the two officers were unaware of any outstanding stolen property reported for the particular items at issue here, although subsequently a complainant alleging the theft of one of its trucks was located, and the equipment recovered on December 20 was evidently part of the hijacked shipment. Moreover, the People make no claim that the search of the defendant’s vehicle was by consent. A hearing on the motion to suppress was held on April 5, 1973, at which time decision was reserved pending the submission of .briefs on the legal issues raised by this case. The hearing was reopened on ¡September 26, 1973, on the court’s own motion and over defense objection, for the purpose of clarifying previous testimony. This court fails to perceive how reopening a hearing for additional evidence to complete the record can constitute an abuse of discretion when there has been no claim or demonstration of any prejudice and before a final determination has yet been made. A Trial Judge possesses certain inherent authority over the procedure in his court and, without a showing that he has abused his discretion, he is entitled to reopen prior to rendering a decision so long as the exercise of that discretion is governed primarily by the materiality and relevancy of the evidence sought to be introduced.
■Counsel for the defense asserts that the warrantless search conducted of the trunk and interior of the Cadillac was illegal in that, before the trunk was unlocked, the defendants were not under arrest and the officer had no knowledge of any crime having been committed. Generally, all searches and seizures *465 are deemed unreasonable if conducted without a warrant unless they fall within various recognized exceptions, which include a search on consent,[1] a search incident to a lawful arrest,[2] a search under the “ stop and frisk ” rule,[3] a .search of impounded vehicles and property subject to forfeiture,[4] a search conducted in the course of a “ hot pursuit,”[5] a search of an open field, even if private property,[6] a search of abandoned property,[7] a search conducted in an emergency situation or under exigent circumstances,[8] and a search of a vehicle where probable cause exists for the .belief that the vehicle contains contraband.[9] Since, in the instant case, the search of defendants’ automobile preceded their arrest and thus cannot be considered as incident to a lawful arrest, the search can only be upheld if it comes within the ambit of at least one of' the other exceptions.
In Carroll v. United States (267 U. S. 132, 149 [1925]) the United States Supreme Court stated that on “ reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid.” The court then proceeded to distinguish between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant because' the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be *466 sought. Further, the tl right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.” (pp. 158-159.)
The Supreme Court dealt with the same issue in Brinegar v. United States (338 U. S. 160 [1949]), where it was held, in a case involving the illegal transportation of intoxicating liquors, that the validity of a warrantless automobile search depends upon the existence of probable cause for that search. According to the court, in ‘‘ dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” (p. 175.) Probable cause, the court continued, requires more than bare suspicion and exists where the facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. ‘ ‘ Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating those often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers’ whim or caprice.” (p. 176.)
In Nugent v. United States (409 U. S. 1065 [1972]), the Supreme Court, by majority vote, denied certiorari in a case (462 F. 2d 574 [2d Cir., 1972]) where police officers, acting on an informant’s tip that one “ Cherokee ” had a mill for diluting narcotics in a certain apartment building, secured the consent of the landlord to search and then searched the basement area of the building available to use by both landlord and tenants. In one storage room, they noticed a closed but unlocked trunk, on top of which were a can of milk-sugar, a scale, rubber bands, and a brown paper bag with a message telling “ Cherokee ” that “ we are out of * * * action. ” The trunk was then opened. Heroin and narcotics paraphernalia were discovered, seized and introduced as evidence against “ Cherokee ”, who was later arrested and tried. The Second *467 Circuit here had affirmed an order by the ¡Southern District of New York holding that there was probable cause to believe that the trunk contained contraband and evidence of a crime.
Therefore, the warrantless search of1 an automobile may at times be justified by the belief, arising out of circumstances known to the seizing officers, that the vehicle contains contraband or evidence of á crime. (People v. La Belle, 37 A D 2d 135 [3d Dept., 1971]; and People v. Lombardi, 18 A D 2d 177 [2d Dept., 1963], affd. 13 N Y 2d 1014.) In the present situation, Patrolman Brady observed defendants’ automobile backed up approximately two to four feet from the rear of a TJ-Haul rental truck arid facing in an opposite direction. The back of the truck was open to reveal apparently new stereo equipment and a stereo-type cabinet and, when first seen, the defendant was standing at the right rear side of the automobile, but he returned to the car upon noticing the police. It was then about 1:30 in the morning and the area completely deserted. Considering these circumstances, it was not unreasonable for the officer to believe that a burglary was in the process of being committed and that, consequently, the trunk of the automobile contained contraband or evidence of1 a crime.
Further, the mere fact that, at the time the search and seizure occurred, the officer was unaware of any specific burglary does not thereby render the arrest and the search and seizure unlawful. (People v. Merola, 30 A D 2d 963 [2d Dept., 1968].) In People v. Messina (21 A D 2d 821 [2d Dept., 1964]), the court decided that where the police had, at the time the defendants were questioned and the automobile occupied by them was searched, good cause to believe in good faith that the defendants had committed a burglary, the fact that the police did not have information, when the search and seizure took place, of a specific burglary did not require a determination that the arrest and the search and seizure iwere unlawful.
As the Supreme Court declared in Chambers v. Maroney (399 U. S. 42 [1970]), there is a constitutional difference between houses and automobiles. Automobiles and other conveyances, because of their mobility, may be searched without a warrant in circumstances which would not justify a warrantless search of a house or an office, provided that there is probable cause to believe that the automobile contains articles which the officers making the search are entitled to seize. The court also stated that the right to search and the validity of the seizure are not dependent on the right to arrest, but rather they are dependent on the reasonable cause the seizing officer has for the belief that *468 the contents of1 the automobile offend against the law. Thus, if independent probable cause exists to undertake a warrantless search of an automobile, the search does not violate the Fourth Amendment even though it is not incident to an arrest; and this court finds that, in the instant case and in view of all the circumstances, there was sufficient probable cause to warrant a reasonable man in believing that a crime had been, or was being, committed. ‘ In determining probable cause we consider those practical elements entering into everyday life on which reasonable and prudent men act * * * we make our decision on ‘ the total atmosphere of the case ’ * * * including, in the case at bar, circumstances so exigent that the police were impelled to immediate action ” (People v. Teams, 20 A D 2d 803, 804 [2d Dept., 1964], app. dsmd. 14 N Y 2d 943).
Therefore, the search and seizure conducted by the officer in the present case comes not only under the so-called ‘ ‘ contraband ” exception to the general rule regarding a warrantless search and seizure, but is also justified by the fact that although the Constitution prohibits unreasonable searches and seizures, and what is reasonable is determined by the circumstances, the exigencies are not to be ignored. (People v. Taggart, 20 N Y 2d 335 [1967], remittitur amd. 21 N Y 2d 729.) Here, given the totality of the situation, Patrolman Brady could scarcely have walked away from the scene and permitted the defendants to proceed on their business undisturbed. ■ Considering the mobility of the automobile, the deserted area in which the defendants were seen, and the time — approximately 1:30 a.m., as well as the fact that the officer had reasonable grounds to believe that a crime was being committed, the exigencies were sufficient to justify the search of the trunk of the defendants’ automobile. Upon discovering stereo equipment which matched that in the truck, there then existed probable cause to arrest and search the rest of the car. The likelihood of an innocent explanation for backing one’s car to the rear of a U-Haul rental truck, open and loaded with expensive stereo equipment, at 1:30 in the morning, was highly remote.
In People v. Brown (28 N Y 2d 282, 286 [1971]) the Court of Appeals, citing People v. Montgomery (15 N Y 2d 732) and People v. Cassone (14 N Y 2d 798) declared that this “ court has in appropriate circumstances sustained searches based on probable cause related to the vehicle itself”. In Brown, the police, observing the defendant and an automobile matching the description furnished in a reported robbery and assault, took custody of the automobile, searched it and found items *469 owned by another woman, victim of the crime involved in the present case. According to the court, the “ car was so connected in ongoing relationship and direct instrumentality with the Tiederman crime [the earlier robbery and assault], as it was reported and described to police, that its seizure and inspection without a warrant were justified on probable cause independently of association with defendant’s arrest.” (p. 285.) Clearly, courts have frequently shown flexibility in establishing standards for dealing with automobiles and other movable vehicles, considering the special circumstances involved in such cases, such as the high degree of mobility and the consequent impracticality of obtaining a search warrant while the contraband or evidence of crime is still available.
For all the foregoing reasons, this court holds that there was probable cause to search defendants’ automobile independently of any probable cause to arrest prior to that search.
However, even assuming the absence of probable cause in the instant case, there were sufficient “ exigent circumstances ” to make the officer’s actions eminently reasonable. Such “ exigent circumstances ” have been found by courts to exist in a variety of instances, as when the officer’s safety and that of others is imperiled by the presence of an armed and dangerous individual,[10] when there is an emergency situation in which the delay necessary to obtain a warrant threatens the destruction of evidence,[11] when there is a need to rescue a victim in peril,[12] when the suspect is fleeing or likely to take flight,[13] when the suspect, believed to be armed with a revolver, is standing in the midst of a group of children,[14] when there is a strong odor of gasoline emanating from an apartment in the early morning hours and the occupants are asleep, resulting in the danger of an imminent explosion, fire and destruction,[15] and in emergency situations requiring such actions as the seizure of unwholesome food, compulsory smallpox vaccination, health quarantine, or the summary destruction of tubercular cattle.[16] The common thread of “ exigent circumstances ” is something out of the ordinary and, in this regard, one of the factors always to be considered is that of a reasonable alternative; that is, did the officer have *470 a reasonable alternative to acting as he did? For example, to detain the defendants and their car for hours of investigation would have been far more onerous than the brief check of the trunk. (Cf. People v. Morales, 22 N Y 2d 55 [1968]; Morales v. New York, 396 U. S. 102 [1969].)
Traditionally, probable cause has been equated with reasonable grounds. (People v. Marshall, 13 N Y 2d 28 [1963]; People v. Lombardi, 18 A D 2d 177 [2d Dept., 1963], affd. 13 N Y 2d 1014; People v. Cassone, 20 A D 2d 118 [1st Dept., 1963], affd. 14 N Y 2d 798; People v. Santiago, 13 N Y 2d 326 [1964]; People v. White, 16 N Y 2d 270 [1965], cert. den. 386 U. S. 1008; People v. Valentine, 17 N Y 2d 128 [1966]; and People v. Weis, 32 A D 2d 856 [3d Dept., 1969], cert. den. 397 U. S. 1047.) In fact, these two concepts are not identical. Probable cause is a mathematical judgment based upon the probability that the existence of certain facts lead logically to certain conclusions; reasonable grounds, on the other hand, constitute a value judgment that, considering all the circumstances, the actions of the police were acceptable. Therefore, in rare circumstances usually calling for on-the-spot action, exceptions to the general rule that warrantless searches and seizures are unlawful may meet the reasonable grounds test, although they do not necessarily fall within the standards of probable cause. As stated by the court in People v. Rivera (14 N Y 2d 441, 448 [1964], cert. den. 379 U. S. 978) a “ State is not precluded from ‘ developing workable rules ’ governing searches to meet ‘ “ the practical demands of effective criminal investigation and law enforcement’” if the State does not violate the constitutional standard of what is reasonable ”.
Consequently, defendants ’ motion to suppress is denied in full.

. Bumper v. North Carolina, 391 U. S. 543 (1968); United States v. Mitchell, 322 U. S. 65 (1944); and Amos v. United States, 255 U. S. 313 (1921).

. Chimel v. California, 395 U. S. 752 (1969); Cooper v. California, 386 U. S. 58 (1967); United States v. Rabinowitz, 339 U. S. 56 (1950); and Harris v. United States, 331 U. S. 145 (1947).

. Terry v. Ohio, 392 U. S. 1 (1968).

. Cooper v. California, 386. U. S. 58 (1967).

. Warden v. Hayden, 387 U. S. 294 (1967).

. Hester v. United States, 265 U. S. 57 (1924).

. Abel v. United States, 362 U. S. 217 (1960).

. Terry v. Ohio, 392 U. S. 1 (1968); Schmerber v. California, 384 U. S. 757 (1966); Wong Sun v. United States, 371 U. S. 471 (1963); McDonald v. United States, 335 U. S. 451 (1948); Johnson v. United States, 333 U. S. 10 (1948); People v. Taggart, 20 N Y 2d 335 (1967); and People v. Gallmon, 19 N Y 2d 389 (1967), cert. den. 390 U. S. 911.

. Brinegar v. United States, 338 U. S. 160 (1949); and Carroll v. United. States, 267 U. S. 132 (1925).

. Terry v. Ohio, 392 U. S. 1, supra.

. Schmerber v. California, 384 U. S. 757, supra.

. Wong Sun v. United States, 371 U. S. 471, supra.

. Johnson v. United States, 333 U. S. 10, supra.

. People v. Taggart, 20 N Y 2d 335, supra.

. People v. Johnson, 48 Misc 2d 907 (Sup. Ct., N. Y. County, 1965).

. Camara v. Municipal Court, 387 U. S. 523 (1967).