551 F.2d 776
 Earthia WILEY, Appellant,
v.
L. DAGGETT, Warden, United States Penitentiary, Leavenworth,
Kansas, Appellee.
Earthia WILEY, Appellant,
v.
UNITED STATES of America, Appellee.
Earthia WILEY, Appellant,
v.
P. J. CICCONE, Warden, Medical Center for Federal Prisoners,
Springfield, Missouri, Appellee.
 Nos. 76-1748 to 76-1750.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1977.
Decided March 24, 1977.
 
 Neal J. Shapiro, Minneapolis, Minn., for appellant.
 Daniel M. Scott, Asst. U. S. Atty. (argued), and Robert G. Renner, U. S. Atty., Minneapolis, Minn., on briefs for appellee.
 Before BRIGHT and HENLEY, Circuit Judges, and HARPER, District Judge.*
 PER CURIAM.
 
 
 1
 Earthia Wiley, hereinafter called petitioner, appeals from a final order of the United States District Court for the District of Minnesota[1] denying three petitions for post-conviction relief filed in 1974 pursuant to28 U.S.C. § 2255. Petitioner was tried and convicted in the district court in 1973 on a charge that he, being at the time a convicted felon, had unlawfully received and possessed a firearm in violation of 18 U.S.C. App. § 1202(a)(1).[2] His conviction was affirmed by this court. United States v. Wiley, 478 F.2d 415 (8th Cir. 1973), cert. denied, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974).[3]
 
 
 2
 The record reflects that in 1959 petitioner was arrested by police officers in Milwaukee, Wisconsin, on a charge of vagrancy based on a municipal ordinance of the kind that was later held to be unconstitutional in Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). While in custody, petitioner confessed to the officers that he had committed the crime of armed robbery in Minnesota. He was returned to that State and was charged, tried and convicted in the District Court of Hennepin County; the conviction followed a trial to the court after petitioner on advice of counsel waived his right to trial by jury. Petitioner did not appeal from that conviction.
 
 
 3
 When petitioner was tried in the district court in 1973 he was represented by capable counsel, and no complaint is made about the quality of the representation that he received. In the course of the trial petitioner did not challenge the validity of the underlying felony conviction in Minnesota, and, indeed, his attorney stipulated as to the existence of the conviction. It does not appear that petitioner personally agreed to the stipulation which it seems that counsel entered into as a matter of trial tactics.
 
 
 4
 The § 2255 petitions considered by the district court were submitted by petitioner pro se while he was still in prison. The district court appointed counsel to represent petitioner, and he has been well represented both in the district court and in this court.
 
 
 5
 In his petitions it was alleged that petitioner's Minnesota conviction had been tainted with denials of due process of law and thus rendered his federal conviction subject to collateral attack. Petitioner contended basically that in the course of the Minnesota proceedings he had lacked the effective assistance of counsel, that his confession had been obtained by duress and coercion and should have been suppressed for those reasons, and that it should have been suppressed for the further reason that it resulted from an arrest that was unlawful because it was based on an unconstitutional municipal ordinance.
 
 
 6
 The government denied that petitioner had suffered any deprivation of due process of law in connection with the Minnesota proceedings, and contended, further, that since petitioner's trial counsel in 1973 had stipulated the Minnesota conviction into the record, petitioner had effectively waived his right to challenge the validity of that conviction.
 
 
 7
 When the petitions were filed in 1974, petitioner's application to the Supreme Court for review of our affirmance of his second conviction in the district court was still pending. Moreover, petitioner had pending in the Minnesota state courts an application for post-conviction relief with respect to his 1959 conviction in Hennepin County. In the circumstances the district court deferred ruling on the petitions until the Supreme Court had acted on the pending petition for certiorari and until the post-conviction proceedings in the Minnesota courts were concluded.
 
 
 8
 In due course the district court again deferred ruling on the petitions until the Supreme Court should hand down its decision in what became the case of Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).[4] That case was decided on July 6, 1976, and a week later the district court denied the petitions before it, and in that connection filed a full and well reasoned but unpublished memorandum opinion.
 
 
 9
 In its opinion the district court took up first the question of whether petitioner's right to question the validity of his 1959 state conviction in this § 2255 proceeding had been waived effectively when his trial counsel in 1973 stipulated as to the conviction. The district court considered the question of waiver to be a close and difficult one and was of the view that it boiled down to the question of whether in the course of the 1973 trial the defendant had had the effective assistance of counsel. Since there had been no showing of inadequacy on the part of counsel, the district court thought that counsel's action was binding on petitioner and amounted to an effective waiver even though petitioner had not personally been advised of his right to object to the introduction of evidence as to an illegal underlying felony conviction and even though petitioner had not assented personally to the action of counsel in entering into the stipulation with respect to the conviction.
 
 
 10
 However, in view of what it considered to be the closeness of the question of waiver, the district court proceeded to consider petitioner's constitutional claim on the merits. Since we agree with the district court that those claims are without merit, we find it unnecessary to reach the question of waiver.
 
 
 11
 The district court found that all of the claims of petitioner, except his claim based on the alleged invalidity of the Milwaukee vagrancy ordinance, had been fully and fairly presented to the Minnesota state courts, that an adequate record had been made in those courts, and that there was no occasion for a further evidentiary hearing in the federal court. See Franklin v. Wyrick, 529 F.2d 79, 81 (8th Cir.), cert. denied, 425 U.S. 962, 96 S.Ct. 1747, 48 L.Ed.2d 208 (1976); Jones v. Swenson, 469 F.2d 535, 537 (8th Cir. 1972), cert. denied, 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973); and Tyler v. Swenson, 427 F.2d 412, 415 (8th Cir. 1970).
 
 
 12
 The district court was of the opinion that the findings of the Minnesota courts to the effect that in 1959 petitioner had been adequately represented by counsel, and that his 1959 confession was voluntary were adequately supported by the state court record, and by the reasoning of the Minnesota courts. And the district court in effect adopted the state court findings as its own. We have given careful consideration to the materials before us and we see no error in that action.
 
 
 13
 In dealing with the claim that the confession should have been suppressed because it was obtained after the defendant had been arrested under an invalid ordinance, Judge Larson pointed out that petitioner had not brought a copy of the ordinance into the record and had cited no case holding that that particular ordinance is or was unconstitutional. However, the Judge assumed arguendo that the ordinance would be considered void for vagueness under the holding in Papachristou v. City of Jacksonville, supra, which was not decided until thirteen years after petitioner's arrest in Milwaukee.
 
 
 14
 There is nothing in the record that suggests that in 1959 the officers knew or had any reason to believe that the ordinance under which they were acting was invalid, and in rejecting petitioner's claim based on the invalidity of the ordinance Judge Larson relied ultimately on the presumed good faith belief of the officers that the ordinance was valid. We think that the good faith of the officers was an adequate basis for the ruling, and we uphold it on that basis. See Moffett v. Wainwright, 512 F.2d 496, 502, n. 6 (5th Cir. 1975), and United States v. Kilgren, 445 F.2d 287 (5th Cir. 1971). We express no opinion as to whether the opinion of the Supreme Court in Stone v. Powell, supra, is applicable to a confession as opposed to the results of a search; nor do we express any opinion as to the question of whether and to what extent that decision is applicable to a situation like this one where the original admissiblity of an item of evidence in a state court trial is questioned in a § 2255 proceeding having for its purpose the setting aside of a federal conviction based in part on an earlier conviction in the state court in the case in which the questioned item of evidence was admitted.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Roy W. Harper, United States Senior District Judge, Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Earl R. Larson, District Judge
 
 
 [2]
 The offense was committed in 1969, and petitioner was first tried and convicted in that year. This court affirmed the conviction, but the Supreme Court reversed on the authority of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). United States v. Wiley, 438 F.2d 773 (8th Cir. 1971), vac., 404 U.S. 1009, 92 S.Ct. 686, 30 L.Ed.2d 657 (1972). Petitioner was then reindicted, retried and again convicted. He was sentenced to imprisonment for eighteen months. He has now served his sentence and is at liberty
 
 
 [3]
 On that appeal petitioner contended that his second conviction violated the double jeopardy prohibition of the sixth amendment to the Constitution of the United States, and, further, that he had been the victim of an unlawful search and seizure. We rejected those contentions. An attempt on petitioner's part to renew them in the instant proceeding was properly rejected by the district court
 
 
 [4]
 In that case the Supreme Court reversed Powell v. Stone, 507 F.2d 93 (9th Cir. 1974), in which it had been held that evidence obtained as a result of a search incident to an arrest under an unconstitutional vagrancy ordinance should have been excluded at the trial of the petitioner for murder in a state court in California. In the same opinion the Supreme Court also reversed our decision in Rice v. Wolff, Warden, 513 F.2d 1280 (8th Cir. 1975), wherein we had mandated federal habeas corpus relief to a state prisoner who had been convicted in Nebraska on the basis of evidence obtained by means of an illegal search. The holding of the Supreme Court was to the effect that where a state prisoner has had a full and fair opportunity to raise a fourth amendment claim in the state court proceedings, he may not relitigate the claim in a later federal habeas corpus proceeding