**Roy Thomas JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1978.

Jack Emory Farley, Public Defender, Linda K. West, Asst. Public Defender, Commonwealth of Kentucky, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, for appellee.

Before LESTER, PARK and WHITE, JJ.

PARK, Judge.

Roy Thomas Johnson was indicted and convicted of first degree robbery (KRS 515.-020). Johnson appeals from a judgment of the Fayette Circuit Court entered upon the jury's verdict imposing a sentence of twelve years imprisonment. A single issue is presented by the appeal. The trial court permitted the Commonwealth to introduce evidence of a confession made by Johnson shortly after he was arrested and taken into custody by the police. Based upon the assumption that his arrest was unlawful, Johnson asserts that his confession was inadmissible as evidence at trial.

Prior to trial, Johnson moved the trial court for an order suppressing the confession on the grounds that the oral statements made by him at the time of his arrest were obtained in violation of his "Constitutional Rights under the fourth and fourteenth amendments." The motion did not allege that Johnson's arrest was illegal, nor did the motion state any factual basis for suppressing the confession. Following an

evidentiary hearing, the trial judge overruled the motion to suppress Johnson's confession. Johnson was arrested without a warrant. On this appeal, Johnson asserts that the evidence at the suppression hearing fails to establish that the police had probable cause to believe that he had committed the felony. Consequently, his arrest would have been illegal. KRS 431.005(1). Because his confession was obtained within three hours after he was taken into custody, Johnson asserts that his confession was the product of the allegedly illegal arrest and that his confession should, therefore, have been excluded under the authority of *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), and *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Unfortunately, the record fails to reflect that the question of the legality of Johnson's arrest was ever brought to the trial judge's attention. The entire thrust of the suppression hearing was directed toward determining whether Johnson had received the *Miranda* warnings prior to his confession. Johnson's arrest was based upon information obtained from Detective Vogel who was coordinating several robbery investigations. However, Detective Vogel was never questioned concerning the information obtained by him linking Johnson to the robbery.

But for the language of the suppression motion, we would hold that Johnson waived the question of the legality of his arrest. Although not specifically asserting that his arrest was illegal, the motion to suppress his confession cites the fourth and fourteenth amendments to the United States Constitution which are the basis for the decisions in the *Brown* and *Wong Sun* cases. The only reason for a fourth amendment argument would be the alleged illegality of Johnson's arrest. The trial judge overruled the motion to suppress without making any findings of fact. Consequently, we do not know whether the trial judge ever considered the fourth amendment issue.

We conclude that Johnson did not waive his fourth amendment argument.

Nevertheless, Johnson never informed the trial judge of the basis of his fourth amendment argument. The evidence at the suppression hearing was not directed to that issue. The trial judge has never had an opportunity to rule upon Johnson's contention that his confession was the product of an illegal arrest. The record of the suppression hearing does not provide a satisfactory basis for this court to determine the legality of Johnson's arrest.

When presented with a similar problem in *Morales v. New York,* 396 U.S. 102, 90 S.Ct. 291, 24 L.Ed.2d 299 (1969), the Supreme Court declined to determine whether Morales' confession was the product of custodial questioning in the absence of probable cause for a full-fledged arrest. The evidentiary hearing on the motion to suppress Morales's confession was directed to the voluntariness of his confession rather than the lawfulness of his detention by the police. The Supreme Court vacated the judgment of conviction and remanded the case for further proceedings, stating:

Given an opportunity to develop in an evidentiary hearing the circumstances leading to the detention of Morales and his confessions, the State may be able to show that there was probable cause for an arrest or that Morales' confrontation with the police was voluntarily undertaken by him or that the confessions were not the product of illegal detention.

396 U.S. at 105, 90 S.Ct. at 293. Because the Commonwealth did not have a fair opportunity to meet the fourth amendment issue and because the trial judge never had an opportunity to pass upon that question, the judgment of the circuit court ought not be reversed. Under the authority of *Morales v. New York, supra,* and *Francis v. Commonwealth,* Ky., 468 S.W.2d 287 (1971), the case should be remanded to the trial court for a further evidentiary hearing on the fourth amendment issue. The trial court shall follow the procedures set out in RCr 9.78, effective January 1, 1978. *See also Lee v. Commonwealth,* Ky.App., 547 S.W.2d 792, 794 (1977). The trial judge shall make findings of facts sufficient to

meet the test set forth in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037 at 3052, 49 L.Ed.2d 1067 (1976) and *Townsend v. Sain,* 372 U.S. 293 at 313–15, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The judgment of the circuit court is vacated and the case is remanded to the circuit court for a determination of the question whether Johnson's confession was the product of an illegal arrest. If the circuit court finds that there was probable cause for Johnson's arrest, the court shall reinstate the judgment of conviction. If the circuit court finds that there was not probable cause for his arrest, Johnson shall be granted a new trial.

All concur.