J. Irwin Shapiro, J.
Motion by the defendant, appearing by Legal Aid Society, “for an Order furnishing the indigent defendant, free of charge, with a copy of the testimony produced at the preliminary hearing.” The defendant has been indicted, together with another, on charges of assault in the second degree (2 counts).
He states that by reason of his indigent condition he cannot pay for the costs of the transcript of the testimony given at Ms hearing in the Criminal Court of the City of New York and, therefore, asks that it be furnished to Mm gratis.
Section 206 of the New York Code of Criminal Procedure provides: “If the defendant be held to answer the charge, the magistrate or his clerk having the custody of the depositions taken on the information or examination, and of the statement of the defendant, must, on payment of his fees at the rate of five cents for every hundred words, and within two days after demand, furnish to the defendant, or his counsel, a copy of the depositions and statement, or permit either of them to take a copy.”
*800 The defendant contends that his right to the transcript here sought should not depend upon whether he is rich or poor, and since an affluent defendant could, upon payment of the appropriate fees, receive a copy of the testimony given at the preliminary hearing, he, as an indigent defendant, is entitled to the same treatment.
For this position, the defendant relies principally upon the cases of Griffin v. Illinois (351 U. S. 12); Lane v. Brown (372 U. S. 477); Draper v. Washington (372 U. S. 487) and the New York cases of People v. Rosario (9 N Y 2d 286) and People v. Malinsky (15 N Y 2d 86).
The defendant does not come within the procedural framework of any of the principles enunciated in the cited cases. The three United States Supreme Court cases merely stand for the proposition that 1 ‘ Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts ” (Griffin v. Illinois, 351 U. S. 12, 19) and that “ a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials. ’ ’ (Eskridge v. Washington Prison Bd., 357 U. S. 214, 216.)
Those cases are, therefore, not in point, for the right to receive minutes of a preliminary hearing stands upon a different footing from the right to prosecute an appeal. An appeal cannot ordinarily be processed without the inclusion in the record of the testimony in the court below. Thus, to withhold from an indigent defendant a transcript of the trial testimony would totally frustrate his right to appeal — a right given to defendants who could afford to pay for such a transcript — and would, therefore, be a denial to him o£ due process. However, such a defendant’s rights are not destroyed, and in most cases not even impaired, by the refusal to furnish him at State expense with a transcript of testimony elicited at a preliminary hearing. True it is that it might be useful to him in the cross-examination of witnesses, but so too might other procedural devices be useful to him, which an affluent defendant could use, but he could not obtain or exercise because of his indigency. An affluent defendant might be able to engage expensive legal talent, bring in a battery of high-priced experts, produce witnesses from far-flung areas, obtain daily copy of the trial testimony, and utilize a host of other methods in submitting his defense, none of which could be accomplished by a poor or indigent defendant.
The question, therefore, arises whether due process encompasses or contemplates the economic equalization of all defend *801 ants who appear to be tried on criminal charges in a court of law. The question would seem to answer itself. The equalization guaranteed is not to provide an indigent defendant with everything that a wealthier person could afford, but rather that he be treated equally and not be discriminated against in the application of the law (cf. People v. Webster, 13 N Y 2d 616, cert. den. 375 U. S. 867).
In People v. Brabson (9 N Y 2d 173, 181), the court held that refusal to provide an indigent defendant with document experts at public expense was not a valid basis for complaint nor a violation of the defendant’s right to due process. In such, and cognate instances, and in the absence of an express constitutional mandate to the contrary, the nature, the character, and the amount of aid a State must accord to an impecunious defendant in his defense on a charge of crime are questions within the domain and province of the legislative power of the State, to be determined by it on the basis of its public policy, so long as that policy is not violative of a defendant’s basic constitutional rights.
To sustain the contention here urged would in the final analysis read defendant’s Legal Aid counsel out of court, for a parity of reasoning would require equalization between the rich and the poor and would thus entitle this defendant to have assigned to him the same kind of high-priced, and therefore presumably more able, counsel that a millionaire defendant would be able to retain.
The two New York cases cited (Rosario and Malinsky, supra) are completely inapposite here. They merely stand for the proposition that upon a hearing or trial, and upon the completion of the direct testimony of a People’s witness, and in aid of cross-examination, the defendant upon request must be permitted to examine and use a copy of any prior statement or transcript of testimony of such witness.
Giant steps have been taken by the courts in recent years to protect the rights of defendants in criminal cases, but the relief sought by this application would permit every defendant, in every criminal case, regardless of any true necessity therefor, to obtain a transcript of testimony given at a preliminary hearing, thus placing an intolerable and unnecessary financial burden upon the State.
It is just as much the duty and obligation of the court to protect the State against the waste of its funds as it is to see that each defendant before it receives due process. If an indigent defendant is to be accorded the unqualified right to obtain the testimony of his preliminary hearing gratis, it should come *802 about as an enunciation of public policy by the Legislature and not by judicial creation of a constitutional right where none exists.
The application is in all respects denied.