Joseph A. Martinis, J.
The court is in receipt of a payment voucher for investigatory services rendered under article 18-B (§ 722-c) of the County Law.
The defendant and his codefendants were indicted" and charged with the crime of murder in the first degree. This is the third time this case has been tried, and this trial resulted in a “ hung ’ ’ jury. —
On November 5, 1971, an application was made to the court, joined in by an assigned counsel for all defendants, for an order directing the appointment and designation of a qualified criminal investigator pursuant to article 18-B of the County Law. This *883 application was granted due to the indigency of the defendants and in the interest of justice.
In the application under consideration, submitted by Mr. Victor Bennett of 153-29 122nd Avenue, Jamaica, New York 11434, the petitioner seeks compensation totaling $6,885. The application is accompanied by a statement of claim for “ Senior Investigator” Victor Bennett for 238 hours at $15 per hour, totaling $3,570; and 255 hours at $13 per hour for “ Investigator ” Ernest Collier, totaling $3,315. Each of the statements of claim shows that each investigator spent 69 hours between November 10 and December 14 reading Grand Jury minutes; 1965 transcript; 1971 transcript; consulting with attorneys, and researching newspaper clippings. The last item of each of the item sheets shows each of the individuals spent 40 hours between January 17 and January 27, 1972, and were requested to stand by for preparation and delivery of summations. In the intervening itemized schedules, there appears to be a considerable duplication of services.
The court further notes that the application is not made on any business stationery, and a search of the Manhattan and Queens Yellow Pages fails to reveal any Victor Bennett Investigation Service, and the Queens residential directory fails to show a Victor Bennett at the address provided. A telephone number provided the court in one of the court papers is an unlisted number and not registered to this individual.
Section 722-e of the County Law provides as follows:
“ § 722-c. Services other than counsel.— Upon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant. The court upon a finding that timely procurement of necessary services could not await prior authorization may authorize the services nunc pro tunc. The court shall determine reasonable compensation for the services and direct payment to the person who rendered them or to the person entitled to reimbursement. Only in extraordinary circumstances may the court provide for compensation in excess of three hundred dollars.
‘ ‘ Each claim for compensation shall be supported by a sworn statement specifying the time expended,- services rendered, expenses incurred and reimbursement or compensation applied for or received in the same case from any other source.”
*884 The legislative intent in the enactment of this section was to provide an indigent defendant with services which heretofore were unavailable to him, and provides reasonable compensation for the person rendering such service and only in extraordinary circumstances should the fee exceed $300. There certainly was no intent to provide carte blanche to the county treasury.
The court has been unable to find a case directly dealing with compensation services other than those for counsel. However, there are cases • in which counsel has sought extra remuneration, alleging that there were extraordinary circumstances in the case.
In People v. Perry (27 A D 2d 154) and in People v. Manning (27 AD 2d 844) it would appear to this court that at least some of the criteria used in the compensation of counsel would also be pertinent to the compensation of an investigator: such factors as the nature and extent of the services; the actual time spent; the necessity therefor; the nature and difficulty of the problems and issues involved; the professional and/or educational qualifications of the investigator, and whether or not he is licensed or unlicensed in the State of New York.
The application is, therefore, in all respects denied, with leave to renew. The renewed application, if it is made, must contain a statement as to the qualifications of each of the investigators either by way of prior employment, experience, or education; if licensed, the license number; a statement as to what criteria are used to denominate one as being “ senior ”, and must further be accompanied by an affidavit of the counsel who retained this investigator and set forth in detail the necessity for having an investigator spend such a protracted number of hours in reading .records, duplicating services, and being available during summation of the case.