Jasen, J.
The issue on this appeal is whether a defendant who has been examined by court-appointed psychiatrists and found competent to stand trial is entitled under the Constitution to the appointment, at State expense, of an independent psychiatrist to assist with the preparation and presentation of his defense.
We hold that the court-ordered psychiatric examination, which found the defendant competent, adequately protected his rights and that, in the circumstances of this case, the defendant had no additional right under the Constitution to the appointment of another psychiatrist for his exclusive benefit. Accordingly, there should be an affirmance.
Pursuant to section 658 of the Code of Criminal Procedure, the court ordered an examination into the competency of the defendant to stand trial. The report of the two court-appointed psy *232 chiatrists concluded that the defendant was “presently not insane, not an imbecile, and is capable of understanding the charge against him, the proceedings, and of making his defense.” Alluding to an injury (cerebral contusion) sustained in an automobile accident some 16 months earlier, the report noted that the defendant recovered fairly well and that there was no evidence of any symptoms which might indicate an organic brain injury. Defendant was described as quiet and co-operative and his responses were termed coherent and relevant. It was also observed that during the second and third interviews, he behaved as if he did not know the charges against him, but his attitude was considered as one of “ conscious evasiveness.” Concluding that the accident had a ‘[1] certain effect ’ ’ on his behavior, defendant’s attitude during the interviews was not attributed by the court-appointed psychiatrists to the accident or to mental illness.
At the plea taking, defendant’s retained, experienced counsel controverted the psychiatrists ’ report by oral argument. Counsel contended that following the afore-mentioned accident, defendant’s behavior changed. However, he did not contend that defendant was insane or incompetent to stand trial, and he specifically declined the court’s offer of a hearing on the defendant’s competency. (Code Grim. Pro., § 662-a.) Nor did counsel request the court to appoint another psychiatrist to examine the defendant.[1] The report was confirmed and the defendant entered a plea of guilty to the entire indictment. At the sentencing, counsel reiterated his objections to the report and stated that if defendant had sufficient funds, he would have him re-examined by another psychiatrist.
It is contended that the facts before the court at plea and sentence raised substantial questions as to his competency to stand trial and as to his sanity at the time of the crime. Defendant further contends that, before accepting his plea of guilty and imposing sentence, the court should have made further inquiry into these facts and should have appointed an independent psychiatrist, at State expense, to assist with his defense. The failure to do so, he argues, denied him due process and equal protection and deprived him of the effective assistance of counsel.
*233 We discern no constitutional authority for defendant’s assertion that he is entitled to be furnished with an independent psychiatrist at State expense to assist in the preparation and presentation of his defense. Indeed, the Supreme Court has said that the Constitution imposes no such duty upon the State where the defendant has been examined by court-appointed psychiatrists and has had a hearing on the sanity issue. (United States ex rel. Smith v. Baldi, 344 U. S. 561, 568; see, also, McGarty v. O’Brien, 188 F. 2d 151, cert. den. 341 U. S. 928; cf. People v. Dowdle, 16 N Y 2d 1037; People v. Lanthier, 17 N Y 2d 877.) In the final analysis, it may well be that the interplay of the constitutional rights to counsel, to a fair trial, and to equality before the law requires the payment by the State of expert witness fees where expert testimony is crucial to an indigent’s proper defense. (Cf. People v. Watson, 36 Ill. 2d 228, 234; State v. Rush, 46 N. J. 399, 416.)[2] But such is not the case here, where defendant was examined by two court-appointed experts whose report was available to defense counsel, and where no question has been raised as to their professional standing and competence, their complete impartiality or the thoroughness of their examination. Under the facts and circumstances of this case, the court was under no constitutional duty to promote a battle of experts by supplying defense counsel with funds wherewith to seek out a “ psychiatric advocate ” for the defendant.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Ftjld and Judges Burke, Breitel, Gabrielli, Jones and Wachtler concur.
Order affirmed.

. This is of no particular significance, however, considering that there was then no statutorily recognized right to the appointment of experts at State expense.

. We note that the matter of an indigent’s right to appointed experts is now governed by statute (County Law, § 722-c), which was enacted (L. 1965, ch. 878), after the occurrence of the proceedings here at issue.