Felice K. Shea, J.
In this neglect proceeding pursuant to article 10 of the Family Court Act, the Bureau of Child Welfare of the City of New York charges the respondent with neglect of her son, alleging: "Respondent mother refuses to allow the child to continue with treatment, at Brookdale Adolescent Psychiatric Outpatient Clinic, which the child needs. The mother fails to provide the child with adequate food, shelter and clothing. On Jan. 20, 1975 a caseworker from the Bureau of Child Welfare went to the home and found it filthy, strewn with clothing, garbage, broken furniture. There was no food in the home. The Respondent may be a mentally disturbed person.”
The court has held a hearing pursuant to subdivision (b) of section 1028 of the Family Court Act and has determined that pending a full hearing, temporary removal of Carl A., aged 12, from his mother is necessary to avoid imminent risk to the child’s health. At the removal hearing respondent’s counsel did not dispute the competency of his client to testify.
The court now has before it an ex parte motion by the respondent mother for an order authorizing the appointment of an independent psychiatrist to examine the respondent at city expense pursuant to sections 722-c and 722-e of the County Law, and for other related relief, as an aid to respondent at the hearing to be held on the issue of her alleged neglect.
Section 722-c of the County Law provides that the court may authorize respondent’s counsel to obtain an expert or other services upon a finding that such services are necessary and that respondent is financially unable to obtain them. Respondent is represented by assigned counsel, and it is unquestionably true that she is indigent and cannot pay for the services of a psychiatrist or for the other items requested. The court denies the motion, however, on the grounds that such services are not necessary or relevant to respondent’s defense in this proceeding.
*356 The court has available to it competent, impartial psychiatrists from the staff of the Bureau of Mental Health Services, an auxiliary service of the Family Court, and the court has broad power to direct psychiatric examinations under section 251 of the Family Court Act. After a court-directed examination, the court has discretion to require that the examining doctor be present to testify and be subject to cross-examination. (Matter of Dulay, 24 AD2d 208, 211.)
There is no constitutional right to the appointment of a psychiatrist at public expense to assist in the preparation of respondent’s defense. (People v India, 32 NY2d 230.) There is no duty on the part of the court to "promote a battle of experts by supplying * * * counsel with funds wherewith to seek out a 'psychiatric advocate’ for the [respondent].” (People v India, supra, p 233.)
The court also finds it unnecessary to authorize respondent’s attorney to obtain the services of an independent psychiatrist because psychiatric testimony would be relevant only to the charge that "[t]he Respondent may be a mentally disturbed person.” On its own motion the court strikes that allegation.
The stricken allegation is defective in that it is so vague that respondent cannot be reasonably certain of its meaning. Evidence that a person "may be mentally disturbed” has no legal significance and no place in a court of law. Moreover, there is serious doubt .whether an allegation of mental disturbance, even if unequivocably pleaded, is a proper element of neglect. The statute speaks of the child’s condition and the parent’s acts or failures to act.
Subdivision (f) of section 1012 of the Family Court Act defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired” by the failure of his parent or guardian to exercise minimal care in feeding, clothing, sheltering, educating or providing medical care or in supervising him so that he is not harmed. The statute further defines neglect in terms of such acts as inflicting harm on the child through excessive corporal punishment, the use of drugs (see, also, Family Court Act § 1046, subd [a], par [iii]), excessive use of alcohol, "or other acts of a similarly serious nature requiring the aid of the court”. Family Court Act (§ 1046, subd [a], par [viii]) provides that proof of the " 'impairment of mental or emotional condition’ ” of the child may include competent *357 opinion or expert testimony. But neither the definition of neglected child in subdivision (f) of section 1012 nor section 1046 of the Family Court Act, which provides evidentiary rules for hearings in neglect cases, mentions mental illness or disturbance of a parent.
The Family Court Act does provide in subdivision (b) of section 1048 that at the conclusion of the fact-finding hearing, the court may adjourn the proceedings to inquire into the "surroundings, conditions, and capacities of the persons involved in the proceedings.” (See, also, Family Ct. Act, § 1047, subd [b].) It is at this point, after a fact-finding hearing, that the state'1 of respondent’s mental health may properly come before the court, as an aid in determining disposition.
The court is mindful that in Matter of Millar (40 AD2d 637) the Appellate Division, First Department, by a divided court, affirmed a finding of neglect on the ground that a child "living alone with a chronic paranoid and severely psychotic schizophrenic mother is in imminent danger of becoming physically and emotionally impaired.” The Appellate Division nonetheless left undisturbed the trial court’s discharge of the child to her mother subject to one year’s probation.
The dissent rejected the view that neglect, as a matter of law, could be found solely on a mother’s history of mental illness and without proof that the child was suffering or was likely to suffer by reason of the conduct of the parent.
This court views the dissenting opinion as the preferable interpretation of the Family Court Act definition of neglect. In any case, an allegation of "mental disturbance” does not raise the issue of serious mental illness upon which the court in Millar (supra) based its decision.
The Family Court in the Second Department, in considering a neglect petition which alleged that the respondent had a history of mental and emotional illness, held that such illness, while it might be an imperfection, could not be neglect or unfitness per se. (Matter of Karr, 66 Misc 2d 912, 915.) The court stated that "the imperfection must ripen into unfitness by connecting the actual elements or indicia of neglect stemming from such unfitness under the statute.”
Respondent’s motion is in all respects denied, without prejudice to her right to renew the motion after the fact finding hearing upon a showing of necessity at that time.