137 N.J. Super. 20 (1975)
347 A.2d 539
IN THE MATTER OF THE APPLICATION FOR THE COMMITMENT OF ZACHARY ALFRED TO THE TRENTON PSYCHIATRIC HOSPITAL.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1975.
Decided October 28, 1975.
*22 Before Judges MATTHEWS, LORA and MORGAN.
Mr. William Boyan argued the cause for appellant County of Mercer (Mr. Harvey L. Stern, attorney; Mr. Joseph L. Bocchini, Jr. on the brief).
Mr. Herbert D. Hinkle, Assistant Deputy Public Advocate, argued the cause for respondent Department of Public Advocate (Mr. Stanley C. Van Ness, Public Advocate, attorney; Mr. Sidney H. Lehmann, Assistant Deputy Public Advocate, of counsel and on the brief).
Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for respondent State of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
Zachery Alfred, while serving a sentence for shoplifting in the Mercer County Correction Center, was transferred to the Trenton Psychiatric Hospital pursuant *23 to a temporary commitment order. Shortly thereafter his sentence expired, but two indictments were still outstanding against him on unrelated charges. Regular commitment proceedings were then instituted against Alfred, although the record is unclear as to who instituted the proceedings.
On January 13, 1975, purusant to motion of the Public Advocate and following oral argument, the Assignment Judge of Mercer County entered an order (1) entitling Alfred to the assistance of an independent psychiatrist in contesting the application for his involuntary commitment, (2) providing that the costs of such psychiatric assistance be borne by Mercer County, and (3) ordering the "necessary legal representation to prosecute the commitment  be provided by the County of Mercer."
On January 23, 1975 Mercer County filed a notice of appeal from the whole of the order, but neither a stay of the order nor leave to appeal was sought by appellant. The final commitment hearing was held on February 20, 1975 at which Mercer County counsel appeared on behalf of the Mercer County adjuster and the Public Advocate appeared for Alfred, together with the psychiatrist appointed by the court. On March 3, 1975, the trial judge entered a final order that Alfred did not require further hospitalization and transferring him back to the Mercer County Jail pending trial on the two outstanding criminal charges.
On appeal Mercer County contends the Division of Mental Health Advocacy within the Department of the Public Advocate should bear the costs of an independent psychiatrist appointed by the trial judge when the Division is representing an indigent in a civil commitment proceeding, and that the Attorney General and not the county should prosecute such cases.
Both the State and the Public Advocate assert that under the New Jersey civil commitment scheme the county in which a defendant has his legal settlement is responsible for effectuating the commitment process and bearing the *24 necessary expenses of its operations, including the cost of an independent psychiatrist.
While the question as to who should provide the necessary legal representation to prosecute this commitment is obviously moot since final hearing has been held at which both the State and the county were represented by counsel, and notwithstanding the trial judge's order was interlocutory in nature, we deem the issue of sufficient public importance to warrant a determination on the merits. Cf. In re Geraghty, 68 N.J. 209 (1975); Oxfeld v. New Jersey State Bd. of Ed., 68 N.J. 301 (1975).
N.J.S.A. 30:4-23 et seq. sets forth the statutory scheme for the confinement, care and treatment of the mentally handicapped, including the procedures for involuntary civil commitment and the hearing process. N.J.S.A. 30:4-34 creates the office of county adjuster with the "charge and supervision of the preparation of papers relating to the commitment of the mentally ill or mentally retarded in such county, and in cases arising in other counties in which the legal settlement appears to be in his county." The Superior Court or County Court within the county may appoint the county adjuster to act as referee, with subpoena powers to take testimony on the question of legal settlement and the financial ability of the patient or his legally responsible relatives to pay the cost of maintenance, and to report to the court his findings, conclusions and recommendations.
Actions for commitment may, under N.J.S.A. 30:4-27, be brought by a person interested by reason of relationship or marriage, or by the person having the charge or care of such patient, or by the sheriff, county prosecutor, municipal or county director of welfare or person charged with the care and relief of the poor, chief of police or police captain of any municipality where such patient may be, or by the chief executive officer of any correctional institution, or of any public or private charitable institution or hospital in *25 which the patient may be, or by the Commissioner of Institutions and Agencies.
N.J.S.A. 30:4-37 to 42, 30:4-46, 56, 60-1 charge the county adjuster with additional duties and responsibilities, all of which, when considered in light of the sections of the statute set forth above, lead us to conclude that the county adjuster is clearly the appropriate official to represent the State at the final commitment hearing. Appellant's reliance on N.J.S.A. 52:17A-4, which generally defines the powers and duties of the Attorney General, is misplaced.
The order of the Law Division provided for the assistance of an independent psychiatrist to be chosen by Alfred's counsel, in contesting the application for his involuntary commitment. Although this aspect of the trial judge's order does not appear to be questioned in appellant's brief, it is our view the designation of the psychiatrist (in those cases where the trial judge deems it appropriate to appoint one to assist the court and the defendant) rests with the trial judge rather than the party himself. In re Gannon, 123 N.J. Super. 104, 107 (Cty. Ct. 1973); Proctor v. Harris, 134 U.S. App. D.C. 103, 413 F.2d 383, 387-388 (D.C. Cir.1969); McGarty v. O'Brien, 188 F.2d 151, 155-157 (1 Cir.1951); People v. India, 32 N.Y.2d 230, 344 N.Y.S.2d 882, 298 N.E.2d 65, 67 (Ct. App. 1973); State ex rel. Hoover v. Bloom, 461 S.W.2d 841, 844 (Mo. Sup. Ct. 1971); Commonwealth v. Medeiros, 354 Mass. 193, 236 N.E.2d 642, 646 (Sup. Jud. Ct. 1968). Cf. 18 U.S.C. § 3006(A); United States v. Chavis, 155 U.S. App. D.C. 30, 476 F.2d 1137, 1141-1142 (D.C. Cir.1973); United States v. Matthews, 472 F.2d 1173, 1174 (4 Cir.1973); United States v. McNally, 485 F.2d 398, 405-406 (8 Cir.1973). In State v. Carter, 64 N.J. 382, 407 (1974), our Supreme Court, citing State ex rel. Hoover v. Bloom, supra, observed in this regard that "In at least one jurisdiction, the patient applying for conditional *26 release has been provided with an `independent' psychiatrist, although not necessarily one of his own choosing."
Appellant County of Mercer seeks to distinguish that part of In re Gannon, supra, which holds that the county is responsible for the cost of the independent psychiatrist by pointing out that case was decided prior to the creation of the office of the Public Advocate, N.J.S.A. 52:27E-1, et seq. The county relies primarily on N.J.S.A. 52:27E-24 which provides:
The Division of Mental Health Advocacy may provide such legal representation and medical consultation as the director deems appropriate for any indigent mental hospital admittee in any proceeding concerning the admittee's admission to, retention in, or release from confinement in such a hospital, institution or facility.
However, this language merely gives the Division's director discretionary authority to obtain medical consultation. We do not construe it to mandate that the Advocate bear the costs of a court ordered independent psychiatric examination in contravention of the intent of the statutory provisions which have made the county the governmental subdivision responsible for carrying out the commitment scheme, including all the necessary expenses of the hearing. We analogize our conclusion with the legislative scheme established for the prosecution of criminal matters (see N.J.S.A. 2A:158-1 et seq., and more particularly N.J.S.A. 2A:158-7; State v. Rush, 46 N.J. 399, 414 (1966)), and distinguish it from the legislative enactments for indigent criminal defendants which mandate that all services and costs be provided by the Public Defender, N.J.S.A. 2A:158A-5.
Having concluded that the obligation for the costs of prosecution should fall upon the county as the political subdivision charged by the Legislature with the commitment process, it is our further conclusion this responsibility must include the duty of prosecuting the commitment and furnishing the legal representation attendant thereupon.
*27 It is noted that while this appeal was pending R. 4:74-7 pertaining to civil commitments was revised, effective September 8, 1975, to provide that the independent psychiatrist's fee, if any, shall be borne by the person or public body charged with the patient's legal settlement and such person or public body shall also be charged with the fee of assigned counsel and guardian ad litem and necessary costs incurred by him in representing the patient. If the assigned counsel or guardian ad litem is employed by a legal services project, his fee shall be ordered payable thereto. If he is employed by the State or a county, no fee allowance shall be made.
Affirmed as modified.