Memorandum. This case has been remanded to us by the Supreme Court of the United States "for further consideration in light of Brown v. Illinois [422 US 590].” (Dunaway v New York, 422 US 1053.) We had previously affirmed appellant’s conviction for felony murder and attempted robbery (35 NY2d 741).
On March 26, 1971, two men entered a pizza shop in Rochester, New York, and, in the course of an attempted robbery, one of them shot and killed the proprietor. Four months later, on August 11, 1971, three police officers went to Dunaway’s home to question him about his participation in the robbery. If they had any reason for suspecting him the record does not disclose it. Finding him at a nearby house, the police, according to their own testimony, asked Dunaway "to come downtown * * * to talk * * * about something”.
There, defendant was taken to an interrogation room where he was given warnings required by Miranda v Arizona (384 US 436). He then waived his right to counsel and consented to talk to the detectives. During the course of the interview, Dunaway, at the request of the officers, drew two incriminating sketches and made two inculpatory statements.
Prior to trial, a motion was made to suppress the statements and drawings on the ground that the evidence was obtained during a period of illegal detention subsequent to an illegal seizure of appellant’s person without a showing of probable cause. The court ruled only that the statements were voluntarily given after proper Miranda warnings and therefore were not excludable on Miranda grounds. The Appellate Division affirmed that decision without opinion (42 AD2d 689).
Specifically, no findings were made as to the nature of the detention, if that it was, and, if it was, whether there was probable cause for the detention and, as the District Attorney commendably concedes, the present record is inadequate to support a determination of that question. Accordingly, this case must be remitted to the Monroe County Court for a factual hearing and such other proceedings as may be necessary to determine the issues (Morales v New York, 396 US 102) and, in the event there was a detention and probable cause is not found for such detention, to determine the further *814 question as to whether the making of the confessions was rendered infirm by the illegal arrest (see Brown v Illinois, 422 US 590, supra).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg, and Cooke concur.
On reargument: Order modified and case remitted to the County Court, Monroe County, for further hearing and proceedings in accordance with the memorandum herein and, as so modified, affirmed.