■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOLAN EMMANUEL BARBER, Appellant. (Appeal No. 1.)—Judgment unanimously reversed, on the law and facts, matter remitted to Monroe County Court for further proceedings and a new trial granted. Memorandum: The defendant was convicted of felony murder and robbery in the second degree. In the course of the police investigation, the defendant was first detained at police headquarters from 2:30 P.M. on March 12, 1975 until approximately 3:00 A.M. on March 13. He was again taken to police headquarters at about 10:30 A.M., on March 13, where he orally confessed to the crimes. At about 10:50 A.M., the police commenced taking a stenographic statement from the defendant. Within minutes thereafter an attorney representing the defendant began repeated but unsuccessful efforts to see the defendant and stop the interrogation. Eventually a command officer contacted the District

Attorney and was advised to stop the interrogation. Although the police terminated the questioning at sometime between 11:15 A.M. and 11:25 A.M., a substantially complete stenographic statement already had been obtained. Upon a hearing to determine the admissibility of defendant's oral inculpatory statements made during his first period of detention and the admissibility of both his oral and transcribed confessions made during his second period of detention, the court found that there was "reasonable cause to believe that the defendant was in some way connected with the alleged crime"; that "he voluntarily went with Detective Elwood Smith to the police headquarters"; and that the defendant's attorney was not denied access to his client. The oral statements and the oral and transcribed confessions were held to be admissible. Initially, we find that the record fails to disclose the requisite probable cause to justify an arrest of the defendant on March 12, 1975. The information known to the police was not of such weight and persuasiveness as to warrant the belief that it was reasonably likely that the defendant had committed the crimes (CPL 70.10, subd 2). Indeed, it appears that at most the defendant may have been placed in the near vicinity of the crimes around the time when they may have occurred (see *People v Morales,* 42 NY2d 129, 134-135). While it is true that police "may detain an individual upon reasonable suspicion for questioning for a reasonable and brief period of time under carefully controlled conditions which are ample to protect the individual's Fifth and Sixth Amendment rights" *(People v Morales, supra,* p 135), here the first period of detention was not "reasonable and brief". The detention extended for over 12 hours, more than 5 of which had passed before the defendant made the inculpatory statements. The statements, however, may nonetheless be deemed admissible if the defendant consented to the police detention *(People v Morales, supra,* pp 137-138) or if they were not the product of an illegal detention *(Brown v Illinois,* 422 US 590; *Wong Sun v United States,* 371 US 471). While the burden was on the court to make findings of fact and conclusions of law (CPL 710.60, subd 6), the court's only determination bearing upon those issues was that the defendant voluntarily went to police headquarters. The continuing nature of the detention was not fully explored in the record and was not addressed by the court in its decision. On such a scant record, it is impossible to decide whether the inculpatory statements are otherwise admissible under the Fourth Amendment. Accordingly, we remit the case for a further evidentiary hearing (see *Morales v New York,* 396 US 102; *People v Dunaway,* 38 NY2d 812) at which there should be, for example, a thorough exploration of the circumstances of the continuing police confrontation with the defendant and the manner, intensity and duration of the interrogation. While this rationale applies with equal force to a determination of the admissibility of the defendant's oral confession during his second period of detention, on the further hearing questions may also arise, among others, with respect to the nature and extent of his second detention (see *People v Morales, supra)* and/or probable cause therefor. Such concerns, however, need not be applied to the defendant's stenographically recorded statement. While it may be concluded on this limited record that aside from constitutional considerations, all of the defendant's statements and confessions were otherwise voluntarily made (see CPL 60.45), the transcribed statement must be suppressed on the ground that it was obtained in violation of defendant's right to counsel. "Once the lawyer entered the criminal proceeding representing the defendant in connection with criminal charges under investigation, it was impermissible to question defendant in custody and in the absence of his attorney *(People v Ramos,* 40 NY2d 610,

614; *People v Hobson,* 39 NY2d 479, 481)" *(People v Macedonio,* 42 NY2d 944). After the police learn that an attorney has entered the proceeding, further questioning is proscribed *(People v Taylor,* 27 NY2d 327, 332; *People v Gunner,* 15 NY2d 226) and where an attorney is denied access to his client, that portion of the defendant's confession made before the denial will not be admitted *(People v Failla,* 14 NY2d 178). While the police may have doubted the authority of the attorney, it was their duty to resolve that doubt by respecting defendant's right to counsel *(People v Ramos,* 40 NY2d 610, 617-618). Since it is clear, however, that defendant's unrecorded oral confession during his second detention was completed before the attorney entered the proceeding, it need not be suppressed on this ground (compare *People v Failla, supra).* In light of the suppression of the transcribed statement, we also grant a new trial. Thus we note that it was improper for the court to withhold Detective Smith's activity report of March 12, 1975 on the ground that it would have been of no assistance to the defendant *(People v Malinsky,* 15 NY2d 86). Although the report referred to informants, their identity need not have been disclosed *(People v Pena,* 37 NY2d 642). We have considered the many other issues raised by the defendant on this appeal and have found them to be without merit. Finally, since the defendant's attorney had not been assigned and there was no showing that the expenses incurred for expert witnesses and investigation were necessary and that the timely procurement of such services could not await prior authorization (County Law, § 722-c), the court did not err in denying defendant's posttrial application for the payment of such expenses by Monroe County. (Appeal from judgment of Monroe County Court—murder, second degree.) Present—Marsh, P. J., Cardamone, Dillon and Witmer, JJ.