*316 OPINION OF THE COURT
Bruce G. Dean, J.
After a jury trial, defendant, Bernadette Powell, was found guilty of murder in the second degree and sentenced by this court on June 29, 1979. By notice of motion returnable before this court on July 16, 1979, defendant has moved to a trial transcript, allegedly pursuant to section 722-c of article 18-B of the County Law, with reference to defendant also as a "poor person” within CPLR 1101. Section 722-c is the section of article 18-B of the County Law under which this motion is made, and which section provides, inter alia, for certain services to indigents as follows: "Upon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that defendant * * * is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant” (emphasis supplied).
Defendant asserts on this motion that she is entitled to a trial transcript at county expense to prepare her defense for postconviction relief under CPL article 330 or 440. It is to be noted at this time that this motion for relief of defendant, as an alleged indigent, is advanced by Messrs. Stolar, Alterman and Gulielmetti, as retained counsel, in place of previously assigned trial counsel.
The basic purpose behind the legislative enactment of article 18-B of the County Law was to provide effective legal representation to indigent persons charged with crime. As indicated in the said article, and as stated in the approval of the bill by the Governor (McKinney’s Session Laws of NY, L 1965, ch 878, p 2117), the plan for indigent defendants involves choice by the county of a public defender, private Legal Aid Society, a court-approved Bar Association plan, or a combination thereof. The Governor stated that this bill "will afford effective legal representation to persons who cannot now be represented by overburdened agencies such as Legal Aid Societies” (emphasis supplied). The caption in chapter 878 —"to provid[e] counsel to persons charged with a crime who are financially unable to obtain counsel” and repealed sections 188, 189, and 308 of the Code of Criminal Procedure. The emphasis is on "financially unable to obtain counsel.”
Defendant apparently relies on that provision of section 722-c which provides for "investigative, expert or other services” and when defendant is "financially unable to obtain them”, *317 and with authorization of defense counsel to obtain such other services "whether or not assigned in accordance with a plan”. Defendant apparently construes this latter phrase to include retained counsel where it is claimed at the time of application to the court that defendant is indigent and cannot obtain other needed services.
It is this court’s opinion that such is not the construction or meaning of such a provision. The entire history of the statute relates to indigent defendants and section 722-c was enacted to provide an indigent defendant with services, in addition to those of counsel, which previously had been unavailable to an indigent defendant (People v Baker, 69 Misc 2d 882, 883). As stated by the court in Baker (p 884): "There certainly was no intent to provide carte blanche to the county treasury.”
In People v Barber (60 AD2d 747, 749), the court said: "Finally, since the defendant’s attorney had not been assigned and there was no showing that the expenses incurred for expert witnesses and investigation were necessary and that the timely procurement of such services could not await prior authorization (County Law, § 722-c) the court did not err in denying defendant’s posttrial application for payment of such expenses by Monroe County” (emphasis supplied).
With respect to the purpose for the enactment of section 722-c, as herein referred to in People v Baker (supra), see People v India (38 AD2d 183, 185, affd 32 NY2d 230): "In 1960 there was no statutory provision authorizing a defendant (except in a capital case) to retain experts for his defense at the public’s expense, as section 722-c of the County Law was not enacted until 1965 (L. 1965, ch. 878, § 1). Nor was there then any case law conferring that right. And we know of no controlling case, since 1960, that has held that an indigent defendant has a constitutional right to the assistance of an independent psychiatrist, or other expert, at the public’s expense.” (Emphasis supplied.)
In People v Robinson (48 Misc 2d 799, 801), the court said: "The equalization guaranteed is not to provide an indigent defendant with everything that a wealthier person could afford, but rather that he be treated equally and not discriminated against in the application of the law”.
Assuming that a defendant with retained counsel may obtain other services, there are other issues present in the instant case. In People v Montgomery (18 NY2d 993), which involved the issue of providing the transcript of a preliminary *318 examination under section 206 of the Code of Criminal Procedure, the court held that the request of defendant for a transcript, accompanied by an affidavit of indigency, that the State must honor that request. On the issue of indigency, here the affidavit in support of the motion for relief under section 722-c is of Daniel L. Alterman, retained counsel. Attorney Alterman states that defendant is currently without resources or assets and that his firm of attorneys is retained by defendant and by the Tompkins County Task Force for Battered Women, Inc., with payment for services on appeal through prospective fund raising efforts. An attorney’s affidavit in support of an ex parte application under section 722-c has been held inadequate. (People v Jackson, 80 Misc 2d 595.) The affidavit of defendant is also insufficient under the statute and with respect to information required, although it indicates an additional sum to be considered with funds already obtained. The affidavit of Attorney Alterman refers to their receiving approximately $1,300 as partial payment of their retainer fee, and that $300 thereof had been allocated for reimbursement expenses in traveling to and from Ithaca. The reasonable compensation awarded for services under section 722-c of the County Law is limited to $300. An application for funds under postconviction relief limits compensation to assigned counsel to $500, with appellate court representation limited to $750. Recently held dinners, reportedly held at the Moosewood Restaurant in Ithaca, New York, on July 29, 1979, to raise funds for defendant, have been reported locally to have provided an additional $1,200 for the defense fund of Bernadette Powell. It was also reported that a total of $3,000 had been raised for appeal and possible expert testimony. The defendant has obtained her own counsel by a retainer agreement, different from the court-appointed counsel provided at trial. Available funds are indicated which appear to exceed indigent funds under statute allocated to the services contemplated here. The defendant would be required to provide the court with a sworn statement showing the need for county funds for. extra services and county funds under section 722-c of the County Law. The specifics of indigency, the allocation of attorney’s fees and expenses, and the services required must be in affidavit form of defendant. (County Law, § 722-c; People v Jackson, 80 Misc 2d 595, supra; People v Cotten, 73 Misc 2d 688, 689.) As stated in People v Baker (69 Misc 2d 882, supra), section 722-c is not a carte blanche to the county treasury. Article 18-B was sought to ameliorate an unfair burden on *319 attorneys accepting representation of indigent defendants. It was not intended to completely eliminate the pro bono publico aspect of a lawyer’s role in representing indigent defendants. (People v Washington, 83 Misc 2d 807, 809.)
Defense counsel’s assumption of duties as counsel for defendant appears to be services approaching that of assigned counsel, and funds raised for defendant and allocated for attorney’s fees should be within the range of assigned counsel fees under the statute, with remaining moneys available for expenses contemplated by section 722-c.
While the court welcomes the assumption of the representation of defendant by counsel, this court has the burden of insuring the propriety and integrity of the entire article 18-B program. (People v Elliott, 98 Misc 2d 424.)
With respect to the present motion for postconviction relief, it appears that the District Attorney, by answering affidavit, has supplied defendant with cross-examination testimony of Attorney Dorothy Wager and that of defendant, allegedly pertinent on the issues raised by defendant.
The motion of defendant for county funds for services under section 722-c of the County Law is denied.