IN THE MATTER OF THE CIVIL COMMITMENT OF
GABRIEL TRIFARI.

Superior Court of New Jersey
Law Division Mercer County

Decided December 22, 1982.

*William D. Guidry,* Assistant Prosecutor, Monmouth County.

*Michael T. Hartsough,* Assistant County Counsel, Mercer County.

*Benjamin S. Laves,* Deputy Public Advocate, Essex County.

MENZA, J.D.C. (temporarily assigned).

This case involves the novel question of whether the prosecutor should be permitted to appear and be heard in a periodic review hearing of a patient civilly committed to a state hospital as a condition of parole.

On October 21, 1963 Gabriel Trifari was convicted of the murder of his father and brother and at the same time was acquitted, by reason of insanity, of the murder of his mother and sister. He was sentenced on November 21, 1963 to consecutive terms of 15 to 30 years of imprisonment for each of the murders for which he was convicted. At the same time he was committed to the Vroom Building of the New Jersey State Hospital at Trenton until such time as he "might be restored to reason." On January 7, 1969 defendant was transferred to New Jersey State Prison at Trenton. He was subsequently transferred to and from the Trenton Psychiatric Hospital and New Jersey State Prison on six different occasions. On December 5, 1978 Trifari was paroled with conditions, including a condition that he be civilly committed.[1] On February 9, 1979 Trifari was transferred to the Marlboro State Hospital. Trifari's commit-

---

[1]The relevant specific conditions of parole were as follows:

His parole is subject to his civil commitment. Parole release to a community parole plan accepted by his District Parole Supervisor is approved upon discharge from his civil commitment only.

As a condition of parole, when released to an approved parole plan, the Board is requesting intensive supervision for him until it is no longer considered necessary by the District Parole Supervisor.

The Board is empowering the District Parole Supervisor to impose and discharge any special conditions as are deemed supportive to his parole.

ment has been reviewed on numerous occasions and he has on occasions been classified as "discharged pending placement." He has never been physically released from Marlboro. Trifari was recommitted on April 29, 1982. This matter is now before the court for a second periodic review hearing to determine whether Trifari should continue to be committed.

The Monmouth County Prosecutor has moved the court for an order permitting him the right to appear and be heard in this matter, to review the committee's medical records and to conduct a psychiatric evaluation of Trifari. The prosecutor contends that, as the chief law enforcement officer of the county, he is an interested party to the proceedings, and he therefore has a right to appear when he feels it is in the public interest to do so. A denial of this right, it is asserted, constitutes a denial of due process because "the prosecutor's duty extends to and includes the mandate to oppose the release of an insane committee who was the perpetrator of a cold-blooded, heinous crime." [2]

The Parole Act provides that the prosecutor "and other criminal justice agencies whose information and comment may be relevant," are to be notified prior to parole consideration. *N.J. S.A.* 30:4–123.45(b)(5). The statute also provides that a prosecutor has a right to be heard regarding the punitive aspects of the sentence. *N.J.S.A.* 30:4–123.51(j). The *Administrative Code* contains similar provisions. *N.J.A.C.* 10A:71–38. In the case of *In re Trantino Parole Application,* 89 *N.J.* 347 (1982), the Supreme Court commented on the role of criminal justice agencies in the parole hearing:

> If, as in this case, parole proceedings advance to the hearing stage, indicating a need for additional information, the Parole Board may and should affirmatively seek, as well as encourage, the submission of relevant evidence, testimonial and otherwise, bearing upon the essential elements of parole.
>
> The Parole Board is required by statute to notify the appropriate prosecutor, the Attorney General and any other criminal justice agencies whose information and

---

[2]Prosecutor's letter memorandum of November 18, 1982.

comment may be relevant as to the necessity or desirability of an inmate's parole. *N.J.S.A.* 30:4–123.45(b)(5). Because the Board's objective is to reach a reasoned and informed determination, it should permit the participation of parties and witnesses who can bring relevant evidence to bear upon the parole question. The Legislature has already indicated that the prosecutor can perform a special role in parole proceedings. *See N.J.S.A.* 30:4–123.51(j). [at 375]

If this case were in the nature of a parole hearing (or an extension thereof), the prosecutor would most likely be permitted to participate in the proceedings in light of the dictum in the *Trantino* case. However, Trifari has already been paroled. This hearing concerns itself with whether he should continue to be committed as a condition of that parole. It is a civil matter which addresses itself to the question of whether the committee continues to be mentally ill and a danger to himself or others. The focus and direction of this hearing is altogether different from that of a parole hearing which addresses the question of "[whether] there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time." *N.J.S.A.* 30:4–123.53(a).

Since the present proceedings are unlike that of a parole hearing, the statute and *Administrative Code* do not apply and the reasoning of *Trantino* is inapplicable. However, even if it could be concluded that this civil commitment proceeding is in the nature of a parole hearing, the prosecutor's participation in the proceeding is permitted only in the court's sound discretion and, if permitted, is then strictly limited to an informational role.

Those persons required by statute to be notified of parole proceedings, such as the Attorney General or county prosecutor, are parties familiar with the offender and the offense and can be helpful in the parole proceedings. *Their role is to inform the Board. Such persons, upon request and subject to the discretion and control of the Parole Board,* should be allowed to submit evidence, to give testimony, examine and cross-examine witnesses, and present argument on all matters directly relevant to the parole of the inmate.

The nature and extent of such participation must, of course, be in accordance with such constraints as may be imposed by the Parole Board. Such restrictions must insure that *parole proceedings remain primarily informational rather than*

*adversarial.* Procedural regulations must be designed so that parole hearings are not only genuinely informative on the ultimate question of the inmate's parole fitness but also expeditious and unencumbered by the introduction of extraneous issues. [*Trantino,* 89 *N.J.* at 376; emphasis supplied]

It is clear from the tone of the prosecutor's moving papers that in the instant case he wishes to appear in an adversary role. There is no legal authority, however, permitting the prosecutor to assume that role in this proceedings. In fact, the law clearly grants the county adjustor this right.

In the case of *In re Alfred,* 137 *N.J.Super.* 20 (App.Div.1975), one of the questions presented to the court was whether the Attorney General or the Mercer County Counsel's Office would prosecute Alfred's civil commitment case. The court, citing *N.J.S.A.* 30:4–23 *et seq.* and more particularly *N.J.S.A.* 30:4–37 to 42, 30:4–46, 56 and 60.1, stated

... that the obligation for the costs of prosecution should fall upon the county as the political subdivision charged by the Legislature with the commitment process, it is our further conclusion this responsibility must include the duty of prosecuting the commitment and furnishing legal representation attendant thereon. [at 26]

The court concluded that

... the county adjustor is clearly the appropriate official to represent the State at the final commitment hearing. [at 25]

Although the court appreciates the prosecutor's zeal in his desire to insure the public's well-being through his request to appear and be heard in this periodic review hearing, the law is clear that this is not a situation in which the prosecutor has such a right to appear. The prosecutor can add nothing to the proceedings by way of additional information. The court will have sufficient information through court records, parole records, hospital records and psychiatric testimony at the hearing on which to make a decision. It must, therefore, most respectfully, refuse the prosecutor's offer of assistance as neither permitted nor necessary.

Motion denied.