OPINION OF THE COURT
John P. Wilgus, J.
Movant requests an order directing the People to employ the services of a breathalyzer expert on behalf of defendant, whom he described as indigent. Accompanying was an affidavit by defendant stating that he is a senior at Cornell University, is unemployed, is not supported by his parents, and has no income or assets with which to obtain funds to employ the services of a breathalyzer expert. Movant avers that expert testimony is necessary due to the charged breathalyzer reading (.13); the People’s use of an instrument “which had not been properly tested”; and the use of ampoules “that were outdated”.
Movant filed further affidavit which states the basis for his request for an expert is found in section 722-c of the County Law.* Assistant District Attorney Robert C. Foster, for the People, opposes the defendant’s motion.
To comply with the provisions of section 722-c, the court must find (1) that the demanded services (investigative, *49 expert, or other) are necessary, and (2) that defendant is financially unable to obtain them (People v Pride, 79 Misc 2d 581). This court will address the first requirement only.
The record shows several cases in which the courts have confronted the issue of necessity in deciding whether the relief allowed by section 722-c should be granted.
In People v Irvine (40 AD2d 560) the defendant, charged with robbery in the second degree, was provided the services of an investigator to determine facts regarding the complainant’s false testimony, with the court stating, “[t]his seems a fitting case for application of the statute”.
In People v Hatterson (63 AD2d 736) the defendant, charged with rape in the first degree, sodomy in the first degree, and robbery in the third degree, had his conviction reversed because he had been denied the employment of a physician and a psychiatrist at city’s expense. The court, noting that the People, during their direct case, offered testimony by an expert in psychotherapy, labeled the trial court’s denial “an improvident exercise of discretion”.
In People v Pride (supra, p 582) the defendant, indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, was denied the services of an investigator to resolve a claimed identification question. The court stated, “there is * * * a serious question as to the need for the requested services”.
The cases cited, as well as others decided since the passage of article 18-B of the County Law, have in common that all concerned felony grade offenses. In addition (whether the applications for public funds were granted or not) all concerned the employment of an investigator to resolve a fact in issue or a physician and/or psychiatrist to testify on behalf of the defendant. One exception was noted, People v Powell (101 Misc 2d 315) wherein defendant requested transcription services.
In the case at bar, defendant is charged with two violations of the Vehicle and Traffic Law: section 1141 (failure to yield on left turn) an infraction, and subdivision 2 of section 1192 (operation with .10% or more blood alcohol content), a misdemeanor. No precedent was located for *50 authorizing services at public expense, as provided for in section 722-c, in any instance other than one in which the defendant had been charged with a serious crime.
Defendant’s counsel has stated the services of a “breathalyzer expert” are necessary to testify as to certain described inadequacies of the breathalyzer instrument. No authority was located for allowing public expenditures to employ an “expert” for this purpose, contrasted with allowances for physicians/psychiatrists whose extensive training would obviously place their specialized knowledge well beyond the lay witness.
As pointed out in People v Baker (69 Misc 2d 882) the criteria to be used in deciding whether public compensation for services on behalf of an indigent defendant is justified should include the nature and difficulty of the problems and issues involved. The issues raised here, viz., an improperly tested breathalyzer instrument, outdated ampoules, and inaccuracies attendant to low readings are not uncommon ones in defense of a person charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.
Given Mr. Gage’s wide experience in trying driving while intoxicated cases, this court is confident that he is fully capable of thoroughly exploring any anomalies which may have been present during the breathalyzer test and to bring them to the attention of the jury through his cross-examination of the People’s witnesses.
Defendant’s motion for an order directing the employment of a breathalyzer expert at county expense is denied.

 “Upon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that the defendant * * * is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant”. (County Law, § 722-c.)