OPINION OF THE COURT
Herbert B. Ray, J.
The only matter which remains unresolved is petitioner’s *776 request for visitation at the Attica Correctional Facility with his two daughters.
This petition was filed on May 22, 1985. A pretrial conference was held on March 10, 1986.
At pretrial, counsel for respondents provided the court with copy of letter from Ivan Fras, a child psychiatrist, which specified that he had reexamined the children after the single visit on March 1, 1986 and that renewed visitation with petitioner would interfere in their positive adjustment to their new family. He further opined that visits were not in the children’s interest and might "open up a number of anxiety provoking prospects”. The respondents had introduced Dr. Fras’ opinion in prior litigation.
Petitioner, through counsel, made an oral motion requesting payment for a competent child psychiatrist chosen by the Law Guardian to examine the two children and prepare a written report. However, counsel further specified that said report would only be released to the court upon petitioner’s consent. Respondent’s counsel objected to the request and the grandmother’s counsel did not. The Law Guardian suggested that the court order an independent psychiatric evaluation of the children. The motion is now ready for determination.
Petitioner, by conditioning the availability of the report to the court upon his approval, is in essence requesting his own psychiatric expert at the public expense. For the reasons set forth hereafter, it is held that a court-appointed psychiatric examination of the children pursuant to Family Court Act § 251 will adequately protect petitioner’s rights and that it would not be appropriate in this case to appoint another psychiatrist for petitioner’s exclusive benefit.
This court’s statutory authority to entertain this motion is found at County Law § 722-c, which provides, in pertinent part, that:
"Upon a finding in an ex parte proceeding that * * * expert * * * services are necessary and that the defendant or other person described in section two hundred forty-nine or section two hundred sixty-two of the family court act * * * is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant or such other person. The court upon a finding that timely procurement of necessary services could not await prior authorization may authorize the services nunc pro tunc.
*777 "The court shall determine reasonable compensation for the services and direct payment to the person who rendered them or to the person entitled to reimbursement. Only in extraordinary circumstances may the court provide for compensation in excess of three hundred dollars.
"Each claim for compensation shall be supported by a sworn statement specifying the time expended, services rendered, expenses incurred and reimbursement or compensation applied for or received in the same case from any other source.”
The decision whether to grant a request for appointment of an expert under this section is left to the sound discretion of the trial court. (Johnson v Harris, 682 F2d 49 [2d Cir 1982], cert denied 459 US 1041.) An analysis of section 722-c reveals that prior to granting such request the court must find (1) that petitioner is financially unable to obtain the service; and (2) that the demanded services are necessary. (People v Stamp, 120 Misc 2d 48 [1983].)
Petitioner is incarcerated in State prison after having been convicted of murder, second degree, on March 16, 1984. It is unquestionably true that he is indigent and unable to afford the services of a psychiatrist. He is entitled to and has been assigned counsel in this Family Court proceeding. (See, Borkowski v Borkowski, 90 Misc 2d 957 [1977].)
However, an independent psychiatric expert whose opinion may never be released to this court is not "necessary”. Although expert testimony may be useful in a disputed visitation case, the custody decision is a judicial determination and the trial court is not bound by the expert’s opinion. Furthermore, there is no constitutional right to the appointment of a psychiatrist at public expense to assist a parent in the preparation of his visitation case. This is not a felony case nor even a criminal case. (It is interesting to note, as was done in the case of People v Stamp, supra, that most of the reported decisions decided since the passage of County Law art 18-B have in common that all concerned felony grand offenses.).
Petitioner is not required to introduce expert psychiatric testimony. By denying this request, this court is not impinging upon petitioner’s right to give testimony; call witnesses, including the court-appointed psychiatrist; cross-examine, and present rebuttal evidence.
Few cases before this court include the presentation of privately retained psychiatric testimony. Certainly a primary reason for this is the additional cost to the litigant. This court *778 finds it inappropriate to burden the public with this expense when most litigants could not afford to present such testimony. "In ruling on applications under this statute, the courts have been careful not to ' "provide carte blanche to the county treasury” ’ (People v Powell, 101 Misc 2d 315, 317; People v Baker, 69 Misc 2d 882, 884), and to stress that' "[t]he equalization guaranteed is not to provide an indigent defendant with everything that a wealthier person could afford, but rather that he be treated equally and not discriminated against in the application of the law” ’ ” (Matter of Cynthia H. v James H., 117 Misc 2d 474, 478 [1983]).
In addition to the financial impact upon the county, this court is also mindful of certain practical considerations. Where does the court draw the line? For example, in this case, if petitioner has the right to his own psychiatric expert, do the children? What if a conflict of interest develops between the children and each, through their Law Guardian, requests their own psychiatric expert? Does the court not still have an obligation to obtain an independent psychiatric evaluation? This court will not "promote a battle of experts by supplying [petitioner] with funds wherewith to seek out a 'psychiatric advocate’ ” (People v India, 32 NY2d 230, 233 [1973]).
As previously noted this court shall order an independent psychiatric evaluation of the two children. This court has available to it the impartial and competent psychiatrists from Broome County Mental Health Clinic, the court also has the authority pursuant to Family Court Act § 251 to cause any person within its jurisdiction to be examined by a psychiatrist, "After a court-directed examination, the court has discretion to require that the examining doctor be present to testify and be subject to cross-examination” (Matter of Carl A., 81 Misc 2d 354, 356 [1975]).
A child has a legal interest and specific rights to protect in a custody dispute. Neither the court nor the parties adequately represent those interests. Just as the appointment of a Law Guardian protects the child’s interest in the adversary system (Borkowski v Borkowski, supra) so does the appointment of an independent psychiatrist.
A single impartial expert is more likely, with a thorough evaluation, to obtain the most extensive and accurate information. (3 McCahey, Kaufman, Kraut, Gaffner, Schwartz and Silverman, Child Custody and Visitation Law and Practice, § 21.03 [1], at 21-23.)