OPINION OF THE COURT
Michael A. Ambrosio, J.
The Court of Appeals recently held in People v Lee (96 NY2d 157 [2001]) that expert testimony on the issue of the reliability of eyewitness identification is not inadmissable per se. *325 However, the decision to admit it shall rest in the sound discretion of the trial court. In apparent reliance on Lee, the defendant now seeks authorization pursuant to article 18-B of the County Law to retain the services of Dr. Richard Wiener as an identification expert. In support of his application, defendant’s attorney merely avers that the “services of an expert in the psychology of identification and eyewitness testimony will be necessary to enable [him] to effectively represent his client.”
The decision whether to grant a request for appointment of an expert under section 722-c of the County Law is left to the sound discretion of the trial court (Johnson v Harris, 682 F2d 49, cert denied 459 US 1041). Prior to granting such request the court must find (1) that the defendant is financially unable to retain the services, and (2) that the demanded services are necessary (People v Brown, 136 AD2d 1, 15; People v Stamp, 120 Misc 2d 48; Matter of D. v K., 131 Misc 2d 775). Under the particular circumstances of this case, the defendant has failed to make the requisite showing of necessity to require the grant of funds.
Defendant is charged with various serious crimes stemming from an incident on November 27, 1999 in which he allegedly attempted to rob David Kovacic, Roger Washington, William Quinones and Brian Diaz at gunpoint and fired a handgun several times at them striking Kovacic in the leg. According to the Grand Jury testimony of Washington and Kovacic, they recalled seeing defendant the evening of the incident at the same party they were attending. Additionally, Kovacic testified that defendant kept staring at him throughout the party. The People’s notices pursuant to CPL 710.30 (1) (b) indicate that Washington identified the defendant as the perpetrator from a photo array the same day as the incident and identified him from a lineup approximately one month later. Kovacic and Diaz each identified defendant from a photo array approximately one week after the incident and identified him from a lineup on December 31, 1999 (Diaz told the arresting officer he was “ninety percent” sure defendant was the perpetrator). Notably, on May 10, 2001, another judge of this Court conducted a pretrial Wade hearing with respect to the various identification procedures and concluded that they were not unduly suggestive. Under these particular circumstances, there is no basis to conclude that expert identification evidence would be relevant or necessary to assist the jury in their evaluation of the testimony by the eyewitnesses.
Significantly, the Court in Lee affirmed the decision of the trial court to not admit expert identification testimony after *326 weighing facts which were more persuasive than the present case. In Lee, the complainant, Michael Perani, was the sole identification witness. The encounter with the defendant was brief. Six months after the incident, he identified defendant from a photo array and 10 days later identified defendant in a lineup. Here, three witnesses positively identified defendant within a week of the incident and later identified him in a lineup. The shooting victim, Kovacic, apparently viewed the defendant for an extended period while attending a party prior to the incident. This purported observation obviously would not have been influenced by the “trauma” of the shooting. It is difficult to fathom, and defendant has failed to demonstrate, what contribution a scientific study of perception and memory could add in this particular case to the common experience of the average person or juror who witnesses all the time and could apply commonsense analysis to the evaluation of the eyewitnesses’ testimony.
Accordingly, defendant’s application for an order directing the employment of an identification expert at county expense is denied.
The defendant’s motion to unseal his prior criminal record is denied. Although the defendant’s records were sealed pursuant to CPL 160.50 (1) (c), CPL 160.50 (1) (d) provides that “such records shall be made available to the person accused.” (Emphasis supplied.) Consequently, an unsealing order is unnecessary since the records are available to the defendant by operation of law.